# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: DOLLAR GENERAL CORP. MOTOR OIL
MARKETING AND SALES PRACTICES LITIGATION**                    MDL No. 2709

### TRANSFER ORDER

**Before the Panel:**[*]  Defendants Dollar General Corporation, Dolgencorp, LLC, and DG Retail, LLC (collectively, Dollar General) move under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the Eastern District of Michigan.  Alternatively, Dollar General requests centralization in the Western District of Missouri or the Southern District of Florida.  This litigation consists of eighteen actions pending in eighteen districts, as listed on Schedule A.  The Panel also has been notified of two related actions pending in the Eastern District of Missouri and the Northern District of New York.[1]  Plaintiffs in the eighteen actions on the motion oppose centralization.  Alternatively, should the Panel centralize this litigation, these plaintiffs suggest the Central District of California, the Southern District of New York, and the Northern District of Illinois as potential transferee districts.  Plaintiff in the potential tag-along action pending in the Eastern District of Missouri supports centralization, but suggests the Eastern District of Missouri as the transferee district for this litigation.

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization in the Western District of Missouri will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising from Dollar General's marketing and sales of certain company-branded motor oils designed for use with automobile engines manufactured before 1988 (the DG SAE 10W-30 and DG SAE 10W-40 products) or 1930 (the DG SAE 30 product).  Plaintiffs uniformly allege that Dollar General fails to adequately warn that these motor oil products are unsuitable for use in most modern automobile engines.  Plaintiffs in all the actions allege similar claims for breach of warranties, unjust enrichment, and violation of various state consumer protection acts.

The opposing plaintiffs raise three primary arguments against centralization.  First, they contend that the common factual issues presented in this litigation are not sufficiently numerous or

---

[*] Judges Lewis A. Kaplan and Catherine D. Perry took no part in the decision of this matter. Additionally, one or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1] These and any other related actions are potential tag-along actions.  *See* Panel Rules 1.1(h), 7.1, and 7.2.

-2-

complex to merit centralization.  Second, they argue that this litigation principally involves putative statewide classes, and thus will focus on state-specific discovery and legal issues.  Finally, plaintiffs maintain that informal coordination among counsel is preferable to centralization, as plaintiffs in all eighteen actions on the motion are represented by common counsel.

We find these arguments in opposition to centralization to be unconvincing.  Plaintiffs in each of these actions undoubtedly will seek to obtain the same documentary and testimonial evidence from defendants and third-party witnesses.  Expert discovery with respect to the effect of Dollar General's marketing on consumers also may be necessary.  And, while most of the actions involve non-overlapping putative statewide classes, one of the actions on the motion and both potential tag-along actions assert claims on behalf of putative nationwide classes that overlap with claims asserted in the other actions.[2]  Were this litigation smaller, such duplicative discovery and motion practice might be effectively coordinated on an informal basis by the parties and involved courts.  In this instance, however, we are persuaded that centralization is the best option for this litigation.  Although the same counsel represents the plaintiffs in the majority of the actions, there are twenty actions (including the potential tag-along actions) pending in twenty separate district courts spread across the nation.  Centralization of these twenty actions before a single judge will yield greater efficiency and cost benefits for both the parties and the courts than informal cooperation and coordination can achieve.  Accordingly, we conclude that centralization is warranted to eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary.

We select the Western District of Missouri as the appropriate transferee district for this litigation.  The majority of the actions in this litigation are pending in the central United States.  Dollar General is headquartered in Goodlettsville, Tennessee (near Nashville), which is where significant and common documentary and testimonial evidence likely will be located.  Thus, although this litigation is nationwide in scope, its center of gravity is in the central portion of the country.  The Western District of Missouri provides a geographically central forum for this litigation that is both convenient and accessible to the parties and witnesses.  Centralization in this district also allows us to assign this litigation to the Honorable Gary A. Fenner, an experienced jurist who we are confident will steer this litigation on a prudent course.

---

[2]  Additionally, there is overlap between the putative statewide classes asserted in (a) the Western District of Missouri action and the potential tag-along action pending in the Eastern District of Missouri, and (b) the Southern District of New York action and the potential tag-along action pending in the Northern District of New York.

-3-

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Western District of Missouri are transferred to the Western District of Missouri and, with the consent of that court, assigned to the Honorable Gary A. Fenner for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_Sarah Vance_

Sarah S. Vance
Chair

| Marjorie O. Rendell | Charles R. Breyer |
|---|---|
| Ellen Segal Huvelle | R. David Proctor |

**IN RE: DOLLAR GENERAL CORP. MOTOR OIL**
**MARKETING AND SALES PRACTICES LITIGATION**          MDL No. 2709

## SCHEDULE A

Western District of Arkansas

WAIT v. DOLLAR GENERAL CORPORATION, ET AL., C.A. No. 5:16−05036

Central District of California

VEGA v. DOLGENCORP LLC, C.A. No. 5:16−00242

District of Colorado

BROWN v. DOLLAR GENERAL CORPORATION, ET AL., C.A. No. 1:16−00310

Southern District of Florida

BARFOOT, ET AL. v. DOLGENCORP, LLC, C.A. No. 1:15−24662

Northern District of Illinois

SOLIS v. DOLLAR GENERAL, ET AL., C.A. No. 1:16−02196

District of Kansas

MEYER v. DOLLAR GENERAL CORPORATION, ET AL., C.A. No. 2:16−02091

Eastern District of Kentucky

FOPPE v. DOLLAR GENERAL CORPORATION, ET AL., C.A. No. 2:16−00026

District of Maryland

MCCORMICK v. DOLGENCORP, LLC, C.A. No. 1:15−03939

Eastern District of Michigan

GOOEL v. DOLGENCORP, LLC, C.A. No. 2:16−10439

District of Minnesota

SHEEHY v. DOLLAR GENERAL CORPORATION, ET AL., C.A. No. 0:16−00319

-A2-

Western District of Missouri

OREN v. DOLLAR GENERAL CORPORATION, ET AL., C.A. No. 4:16−00105

District of Nebraska

HARVEY v. DOLLAR GENERAL CORPORATION, ET AL., C.A. No. 8:16−00072

District of New Jersey

FLINN v. DOLGENCORP, LLC, C.A. No. 1:15−08713

Southern District of New York

GADSON v. DOLGENCORP, LLC, C.A. No. 1:16−00952

Southern District of Ohio

FRUHLING v. DOLLAR GENERAL CORPORATION, ET AL., C.A. No. 1:16−00300

Northern District of Oklahoma

SISEMORE v. DOLGENCORP, LLC, C.A. No. 4:15−00724

Southern District of Texas

DECK v. DOLLAR GENERAL CORPORATION, C.A. No. 4:15−03680

District of Vermont

HILL v. DOLGENCORP, LLC, C.A. No. 2:16−00026