IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| IN RE: DOLLAR GENERAL CORP. | ) | MDL No. 2709 |
| MOTOR OIL MARKETING AND | ) | |
| SALES PRACTICES LITIGATION | ) | Master Case No. 16-02709-MD-W-GAF |
| | ) | |
| THIS PLEADING RELATES TO: | ) | |
| | ) | |
| ALL ACTIONS | ) | |

### DEFENDANTS' SUGGESTION IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE QUARTERLY ATTORNEY TIME AND EXPENSE REPORTS UNDER SEAL FOR *IN CAMERA REVIEW*

Defendants Dollar General Corporation, Dolgencorp, LLC, and DG Retail LLC (collectively "Dollar General") file this suggestion in opposition to Plaintiffs' *Motion for Leave to File Quarterly Attorney Time and Expense Reports Under Seal for in Camera Review* (Doc. 63).

### INTRODUCTION

Dollar General is entitled to non-privileged information contained in quarterly reports because such information is relevant to what, if any, attorneys' fees should be appropriately awarded and how such fees should be allocated.[1]  *Jorstad v. IDS Realty Trust*, 643 F.2d 1305, 1312-13 (8th Cir. 1981); *see In re Fed. Skywalk Cases*, 98 F.R.D. 462, 462 (W.D. Mo. 1983) (ordering defendants to pay plaintiffs' counsel specifically-evaluated fees).  Either Dollar General can receive that information now and on a rolling basis, when Plaintiffs submit it to this Court pursuant to this Court's June 22 Order (Doc. 5 ¶ 6).  Or Dollar General can receive that

---

[1] Dollar General recognizes that this Court allowed plaintiffs to file these quarterly reports under seal and for in camera review in handling previous MDL litigation. (*See* Order, *In re: Pre-Filled Propane Tank Antitrust Litig.*, MDL No. 2567, Master Case No. 14-02567, Doc. 110.)  Dollar General notes, however, that in that case plaintiffs moved to file their reports under seal and in camera, and the Court granted the motion the following day without any apparent opposition.

information later, if and when attorneys' fees becomes a more pressing issue. Dollar General does not have a preference as to when Plaintiffs provide this information—only that they do, in fact, provide it.

What should not be condoned is Plaintiffs' counsel's expansive notion of privilege that has become a common refrain in motions practice before this Court. (*See* Doc. 41 (refuting Plaintiffs' untethered view of privilege in other briefing).) Plaintiffs aver that their quarterly reports "contain confidential attorney work product to which Defendants and the public are not entitled." (Doc. 63 ¶ 2.) Dollar General acknowledges that the work product doctrine may protect *limited* portions of these quarterly reports, if supported by adequate privilege logs. But this Court should reject such a broad and general request that Plaintiffs fail to support with evidence.

## ARGUMENT

Federal law governs the applicability of the work product doctrine. *See Baker v. Gen. Motors Corp.*, 209 F.3d 1051, 1053 (8th Cir. 2000). The Eighth Circuit has articulated the general rule that the doctrine protects documents only if "they were prepared in anticipation of litigation." *Simon v. G.D. Searle & Co.*, 816 F.2d 397, 401 (8th Cir. 1987). The court went on to explain:

> [T]he test should be whether, in light of the nature of the document and the factual situation in the particular case, the document can be fairly said to have been prepared or obtained because of the prospect of litigation. But the converse of this is that even though litigation is already in prospect, there is no work product immunity for documents prepared in the regular course of business rather than for purposes of litigation.

*Id.* (alteration in original) (quoting 8 C. Wright & A. Miller, *Federal Practice and Procedure* § 2024, at 198–99 (1970)). The doctrine affords protection to those documents prepared in anticipation of litigation that reveal an attorney's mental impressions. *See id.*

Although the Eighth Circuit does not appear to have directly addressed the applicability of the work product doctrine to attorney billing records, at least one district court in this Circuit has relied on *Simon* to hold that certain billing statements remained unprotected by the work product doctrine. *See Bieter Co. v. Blomquist*, 156 F.R.D. 173, 179–80 (D. Minn. 1994) ("[The at-issue billing records were] generated in the ordinary course of business and not in preparation for litigation. Nor were the descriptions of services performed contained within the billing statements prepared in anticipation of litigation." (internal citations omitted)). Other courts have taken a similar approach in finding that the work product doctrine does not generally protect billing records. *See, e.g.*, *Leach v. Quality Health Servs.*, 162 F.R.D. 499, 501–02 (E.D. Pa. 1995) (explaining that billing records not likely to be protected by work product doctrine because they are "commonly created in the regular course of business, which removes them from the doctrine's coverage"); *see also* Thomas Spahn, *The Attorney-Client Privilege and the Work Product Doctrine* § 40.12, at 1041 & n.69 (3d ed. 2013) (collecting cases).

Notwithstanding the extent to which the doctrine applies to billing records specifically, a party objecting to disclosure of information on the basis of privilege bears the burden of establishing the privilege. *See Travelers Prop. Cas. Ins. Co. of Am. v. Nat'l Union Ins. Co. of Pittsburgh*, 250 F.R.D. 421, 424 (W.D. Mo. 2008). "[W]hether the documents were prepared in anticipation of litigation is clearly a factual determination." *Simon*, 816 F.2d at 401. Accordingly, this Court "must have evidence with which to make that determination." *Travelers Prop.*, 250 F.R.D. at 424. "Counsel's assertion that [documents] were [prepared in anticipation of litigation] is not evidence and cannot form the basis for the court's factual determination that the documents are protected by the work product doctrine." *Id.* at 424–25 (citing *United States*

*v. Stewart*, 113 F.3d 1239 (8th Cir. 1997); *United States v. Hammer*, 3 F.3d 266, 271–72 (8th Cir. 1993)).

Plaintiffs fail to offer either evidence or legal support substantiating their claim that the attorney work product doctrine protects the entirety of their quarterly reports. Plaintiffs must provide more than merely a bald assertion by counsel. *See Travelers Prop.*, 250 F.R.D. at 424–25 (counsel's assertion not evidence).

## REQUESTED RELIEF

Dollar General asks this Court to deny Plaintiffs' *Motion* to the extent Plaintiffs seek to prevent Dollar General from ever obtaining the quarterly reports in their entirety based upon an unjustifiably broad privilege claim unsupported by evidence. Dollar General asks this Court to enter an Order directing either

(1) Plaintiffs to serve Dollar General redacted copies of the quarterly reports, along with a detailed privilege log accounting for each redaction, at the time when Plaintiffs' serve the non-redacted version of such reports to this Court,[2] or

(2) Plaintiffs to serve Dollar General redacted copies of the quarterly reports, along with a detailed privilege log accounting for each redaction, at some future time upon Dollar General's request if and when the issue of attorneys' fees becomes ripe.

Either resolution of Plaintiffs' *Motion* is correct on the law. Plaintiffs' blanket claim of privilege unsupported by evidence is not.

DATED: October 3, 2016                          Respectfully submitted,

                                                          STINSON LEONARD STREET LLP

                                                          By: */s/ Brett A. Shanks*
                                                                Bradley J. Yeretsky - MO #53845

---

[2] This would resemble the procedure this Court utilized in allowing Plaintiffs to file their report regarding any "recruitment" issues under seal. (*See* Doc. 47.)

Brett A. Shanks - MO #67749
1201 Walnut, Suite 2900
Kansas City, MO 64106
Telephone: 816-691-3150
Facsimile: 816-412-9307
Email: brad.yeretsky@stinson.com
      brett.shanks@stinson.com

MCGUIREWOODS LLP

R. Trent Taylor
Perry W. Miles, IV
Jontille D. Ray
Travis C. Gunn
800 East Canal Street
Richmond, VA 23219-3916
Telephone: (804) 775-1182
Fax: (804) 225-5409
Email: rtaylor@mcguirewoods.com
      pmiles@mcguirewoods.com
      jray@mcguirewoods.com
      tgunn@mcguirewoods.com

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on October 3, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will automatically send e-mail notification of such filing to all attorneys of record in this action pursuant to Federal Rule 5(b)(2)(D) and Local Rule 5.1.

                                             */s/ Brett A. Shanks*
                                             Brett A. Shanks