**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| IN RE: DOLLAR GENERAL CORP. MOTOR OIL MARKETING AND SALES PRACTICES LITIGATION | ) ) ) ) ) ) ) ) ) | MDL No. 2709<br><br>Master Case No. 16-02709-MD-W-GAF |
| THIS PLEADING RELATES TO: | | |
| ALL ACTIONS | | |

**ORDER ON PLAINTIFFS' MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT,
CERTIFICATION OF SETTLEMENT CLASS, AND OTHER RELIEF**

Upon consideration of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, Certification of Settlement Class, and Other Relief ("Motion for Preliminary Approval") (Doc. # 256) brought pursuant to Federal Rules of Civil Procedure 23, it is hereby,

ORDERED, ADJUDGED AND DECREED that:

1. Capitalized terms used in this Order have the same meaning as those defined in the Parties' Settlement Agreement, attached as Exhibit 1 to Plaintiffs' Motion for Preliminary Approval. (Doc. # 257-1)

2. The Court finds that the Settlement Agreement was reached after arm's length negotiations between experienced counsel who are familiar with the legal and factual issues of this case and after substantial factual and legal analyses by the Parties. The terms of the Settlement Agreement are within the range of reasonableness and accordingly are preliminarily approved a fair, reasonable, and adequate, subject to further consideration at the Final Approval Hearing.

3. For purposes of settlement only, the Court conditionally certifies the following Settlement Class:

1

> All Persons in the United States who, between September 1, 2010 and December 31, 2017, for personal use and not for resale, purchased Defendants' DG-branded motor oil, DG SAE 10W-30 (SF specification) and/or DG SAE 10W-40 (SF specification) for use in vehicles manufactured after 1988, and/or DG SAE 30 (SA specification) for use in vehicles manufactured after 1930.

Excluded from the Settlement Class are: (a) Dollar General, its officers, directors, agents, trustees, corporations, trusts, representatives, employees, successors, assigns, or other Persons or entities related to or affiliated with Dollar General and/or their officers and/or directors; (b) Judges, justices, magistrates or judicial officers presiding over this matter and their immediate family members and staff; (c) Counsel for Plaintiffs in the lawsuits that comprise this MDL and their employees; and (d) any Settlement Class Member who files a valid, timely Opt-Out request.

4. Given the Parties' Settlement Agreement and Plaintiffs' Motion for Preliminary Approval, with respect to the Settlement Class, the Court preliminarily finds that Rule 23's requirements for class certification, numerosity, commonality, typicality, and adequacy of representation have been met, that common issues predominate over questions affecting only individual members of the Settlement Class, and resolution of the claims in the Action by way of settlement is superior to other available means for the fair and efficient adjudication of the claims of the Settlement Class.

5. The Court appoints Plaintiffs Robert Oren, Roberto Vega, Allen Brown, Bradford Barfoot, Gerardo Solis, Nicholas Meyer, John Foppe, John McCormick, Bruce Gooel, Scott Sheehy, Janine Harvey, William Flinn, Kevin Gadson, Miriam Fruhling, Robin Preas, James Taschner, Jason Wood, Roger Barrows, Brandon Raab, and Seit Alla as Class Representatives of the Settlement Class.

6. The Court appoints the following Plaintiffs' counsel as Class Counsel for the Settlement Class:

| Lead Class Counsel<br>Allan Kanner<br>Cynthia G. St. Amant<br>KANNER & WHITELEY, LLC | Liaison Counsel<br>Kenneth B. McClain<br>Kevin D. Stanley<br>HUMPHREY FARRINGTON<br>& MCCLAIN, P.C. | Mitchell Breit<br>SIMMONS HANLY<br>CONROY |
|---|---|---|
| Esther E. Berezofsky<br>Michael J. Quirk<br>MOTLEY RICE, LLC | Gillian Wade<br>Sara D. Avila<br>Marc Castaneda<br>MILSTEIN JACKSON<br>FAIRCHILD & WADE | M. Ryan Casey<br>THE CASEY LAW FIRM |
| David Futscher<br>FUTSCHER LAW PLLC | Stephen J. Nolan<br>SMITH, GILDEA &<br>SCHMIDT, LLC | John P. Zuccarini<br>LAW OFFICES OF JOHN<br>P. ZUCCARINI |
| Gerald H. Clark<br>Mark W. Morris<br>CLARK LAW FIRM, P.C. | Shpetim Ademi<br>Mark A. Eldridge<br>ADEMI LLP | Jed Chronic<br>MASCHKA, RIEDY, RIES<br>& FRENTZ LAW FIRM |
| A. Craig Eiland<br>THE LAW OFFICES OF A.<br>CRAIG EILAND, P.C. | Walter Daniels<br>THE DANIELS LAW FIRM,<br>P.C. | Brian Ku<br>Louis Mussman<br>KU & MUSSMAN, P.A. |

7. The Court approves, as to the form and content, the Notice Plan and forms of Class Notice, attached to the Settlement Agreement as Exhibit C. In accordance with the Notice Plan, notice shall consist of: (1) print publication notice; (2) digital notice; and (3) a long form notice with more detail than the print or digital notices which shall be made available on the Settlement Website (www.DGmotoroilsettlement.com).

The Class Notice will apprise members of the Settlement Class of the following, among other information: the pendency of the Action; a description of the Settlement; that any Settlement Class Member may object to the Settlement and, if he or she desires, enter an appearance either personally or through counsel; the dates by which members of the Settlement Class must make a claim, exclude themselves from the Settlement Class, or object to the Settlement; the address of

the Settlement Website; and that any judgment whether favorable or unfavorable, will include all Settlement Class Members.

Defendants do not have records identifying individual class members, making direct notice impossible. Notice by publication in Sports Illustrated, Reader's Digest, National Geographic, Game Informer, and Time (in a form substantially similar to Exhibit C to the Settlement Agreement) and targeted digital advertising and sponsored keyword ads in search results that directs Settlement Class Members to the Settlement Website, including on Google, Facebook, and Instagram, are reasonably calculated to reach a substantial percentage of Settlement Class Members, as indicated in the Declaration of Jeanne Finegan, Exhibit 3 to Plaintiffs' Motion for Preliminary Approval.

The Settlement Website must include at least the following: an electronic and printable copy of the long form class notice (in a form substantially similar to Exhibit C to the Settlement Agreement), information about the Action and the Settlement, important Court documents, and electronic and printable Claim Forms (in a form substantially similar to Exhibits A and B to the Settlement Agreement) which may be submitted online or printed and mailed.

The Court finds that the procedures described herein and in the Settlement Agreement meet the requirements of Rule 23 and due process and provide the best notice practicable under the circumstances.

8. The Court appoints Heffler Claims Group as the Settlement Administrator to help implement the Notice Plan, administer the Settlement, and carry out such other responsibilities as are provided for in the Settlement Agreement.

9. The Court appoints Mark Rapazzini as the Special Master to help administer the Property Damage Benefits (Tier 3) claims process as provided for in the Settlement Agreement.

4

Case 4:16-md-02709-GAF   Document 259   Filed 02/08/21   Page 4 of 9

10. Defendants shall bear all costs and expenses related to the Settlement administration, including the cost of the Class Notice and publication, and the fees and expenses of the Settlement Administrator and the Special Master.

11. Within 30 days of the date of this Order, the Settlement Administrator shall, consistent with the Settlement Agreement, establish a toll-free number with a voice recorded, voice response with frequently asked questions ("FAQs") and establish the Settlement Website containing the information required by the Settlement Agreement. Publication notice shall commence no later than **March 10, 2021**. Internet notice shall commence no later than **March 10, 2021**.

12. The Court approves the proposed form and content of the Claim Forms (in a form substantially similar to Exhibits A and B to the Settlement Agreement), as well as the use of an electronic version in substantially similar form. Any Settlement Class Member who wishes to receive money from the Settlement shall complete the appropriate Claim Form(s) in accordance with the instructions therein. The Claim Form for Refund Benefits shall be postmarked or submitted online to the Settlement Administrator no later than **June 8, 2021**. The Claim Form for Property Damage Benefits shall be postmarked or submitted online to the Settlement Administrator no later than **August 23, 2021**.

13. Any Settlement Class Member wishing to opt out of the Settlement Class must submit a request for exclusion that includes the person's name, address, telephone number, and a statement that the person has elected to be excluded from the Settlement Class, and must be personally signed by the person requesting exclusion to the Settlement Administrator at: In re Dollar General Corp., P.O. Box. 559, Warminster, PA 18974-0559. A form for requesting exclusion shall be available for downloading on the Settlement Website. The request for exclusion

must be postmarked no later than **May 10, 2021**. Requests for exclusion signed only by counsel or requests for exclusion purportedly filed on behalf of groups of persons are prohibited and will be deemed void.

Any Settlement Class Member who does not send a completed, signed request for exclusion to the Settlement Administrator postmarked before the Opt-Out Deadline will be deemed a Settlement Class Member for all purposes and will be bound by all further orders of Court in this Action and by the terms of the Settlement, if finally approved by the Court. All persons who submit valid and timely requests for exclusions shall not be bound by the Settlement Agreement or the Final Order and Judgment, shall not be considered Settlement Class Members, and shall have no rights under the Settlement. The Parties have agreed that Defendants may terminate the Settlement Agreement without further obligation if more than 150 members of the Settlement Class submit timely and valid requests for exclusions. Class Counsel shall file a sealed list of all persons who opted-out of the Settlement Class in conjunction with their motion for final approval.

14. Any Settlement Class Member who wishes to object to the terms of the Settlement must file a written objection with the Court and serve it on Class Counsel and Defendants' Counsel no later than **May 10, 2021**. The Court will only consider those objections received by the Court and sent to Class Counsel and Defendants' Counsel on or before the Objection Deadline.

An objection must be in writing and contain the following:

a. A reference at the beginning to this case, *In re: Dollar General Corp. Motor Oil Marketing and Sales Practices Litig.*, Case No. 16-02709-MD-W-GAF, filed in the United States District Court for the Western District of Missouri;

b. The name, address, telephone number, and, if available, the email address of the Person objecting, and if represented by counsel, of his/her counsel;

c. A statement that the objector has reviewed the definition of the Settlement Class and that he or she is a Settlement Class Member;

6

d. The type of DG Auto motor oil purchased and the date (or approximate date) and location (city and state) of the objector's purchase of DG Auto motor oil;

e. A written statement of all grounds for the Objection, accompanied by any legal support for such Objection;

f. Whether he/she intends to appear at the Final Approval Hearing, either with or without counsel;

g. All information required by the Claim Form;

h. A detailed description of any and all evidence that he/she may offer at the Final Approval Hearing, including photocopies of any and all exhibits which he/she may introduce at the Final Approval Hearing, and the names and address of any witnesses expected to testify;

i. A detailed list of any other objections submitted by the Settlement Class Member, or his/her counsel, to any class actions submitted in any court, whether state or otherwise, in the United States in the previous five (5) years. If the Settlement Class Member or his/her counsel has not objected to any other class action settlement in any court in the United States in the previous five (5) years, he/she shall affirmatively state so in the written materials provided in connection with the Objection to this Settlement; and

j. The signature of the objecting Settlement Class Member.

The written objection must be filed with the Clerk of Court with copies sent to the following Class Counsel and Defendant's Counsel:

| Class Counsel: | Defendants' Counsel: |
|---|---|
| Cynthia St. Amant, Esq. | R. Trent Taylor, Esq. |
| Kanner & Whiteley, LLC | McGuire Woods LLP |
| 701 Camp Street | Gateway Plaza |
| New Orleans, LA 70130 | 800 East Canal Street |
| c.stamant@kanner-law.com | Richmond, VA 23219 |
| | rtaylor@mcguirewoods.com |

Any Settlement Class Member who does not make an objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the Settlement Agreement; the

payment of Class Counsel's attorneys' fees, costs and expenses, and Service Awards for Class Representatives; or the Final Approval Order and Judgment.

15. Class Counsel shall file their motion seeking an award of attorneys' fees and costs and expenses and seeking a Service Award for the Class Representatives on or before **April 26, 2021**.

16. On or before **May 18, 2021**, Plaintiffs shall move for final approval of the Settlement.

17. The Final Approval Hearing will be held before this Court on June 22, 2021, at 10:00 a.m., at the United States District Courthouse in Courtroom No. 8A in order to consider, among other things, (a) whether the Settlement should be finally approved as fair, reasonable, and adequate; (b) whether the Settlement Class should be finally certified; (c) whether Class Counsel's request for an award of attorneys' fees, costs, and expenses should be approved; (d) whether the requested Service Awards to the Class Representatives should be approved; (e) whether entry of the Final Order and Judgment, in the form submitted by the Parties with the Settlement Agreement, should be entered. The Final Approval Hearing may be rescheduled or continued. Class Counsel shall be responsible for communicating any changes in the Final Approval Hearing to the Settlement Class by ensuring that the information is posted on the Settlement Website by the Settlement Administrator.

18. The Action shall remain stayed pending the settlement proceedings and further Orders of the Court.

19. If the proposed Settlement does not become final, this Order shall be null and void and the Action will proceed as if there had been no Settlement.

20. Pertinent dates and deadlines imposed by this Order are summarized in the table below:

| Event/Deadline | Date |
|---|---|
| Deadline to commence publication notice | March 10, 2021 |
| Deadline to commence internet notice | March 10, 2021 |
| Deadline for Claim Forms for Refund Benefits to be postmarked or submitted online | June 8, 2021 |
| Deadline for Claim Forms for Property Damage Benefits to be postmarked or submitted online | August 23, 2021 |
| Deadline for Requests for Exclusion to be postmarked | May 10, 2021 |
| Deadline for Objections to be filed with the Court and served upon Class Counsel and Defendants' Counsel | May 10, 2021 |
| Deadline for Class Counsel to file a Motion seeking an award of attorney's fees and costs and expenses | April 26, 2021 |
| Deadline for Plaintiffs to move for final approval of the Settlement | May 18, 2021 |
| Final Approval Hearing | June 22, 2021, 10:00 a.m. |

**IT IS SO ORDERED.**

DATED: February 8, 2021

s/ Gary A. Fenner
GARY A. FENNER, JUDGE
UNITED STATES DISTRICT COURT