# Exhibit 1

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| IN RE: DOLLAR GENERAL CORP. MOTOR OIL MARKETING AND SALES PRACTICES LITIGATION | MDL No. 2709<br><br>Master Case No.<br>16-02709-MD-W-GAF |
| **THIS PLEADING RELATES TO:** | |
| ROBERT OREN V. DOLLAR GENERAL CORP., ET AL.; | Case No. 4:16-cv-00105 |
| ROBERTO VEGA V. DOLGENCORP, LLC; | Case No. 4:16-cv-00518 |
| ALLEN BROWN V. DOLLAR CORP., ET AL.; | Case No. 4:16-cv-00519 |
| BRADFORD BARFOOT V. DOLGENCORP, LLC; | Case No. 4:16-cv-00520 |
| GERARDO SOLIS V. DOLLAR GENERAL CORP., ET AL.; | Case No. 4:16-cv-00521 |
| NICHOLAS MEYER V. DOLLAR GENERAL CORP., ET AL.; | Case No. 4:16-cv-00522 |
| JOHN FOPPE V. DOLLAR GENERAL CORP., ET AL.; | Case No. 4:16-cv-00523 |
| JOHN MCCORMICK, III V. DOLGENCORP, LLC; | Case No. 4:16-cv-00524 |
| BRUCE GOOEL V. DOLGENCORP, LLC; | Case No. 4:16-cv-00525 |
| SCOTT SHEEHY V. DOLLAR GENERAL CORP., ET AL.; | Case No. 4:16-cv-00526 |
| JANINE HARVEY V. DOLLAR GENERAL CORP., ET AL.; | Case No. 4:16-cv-00528 |
| WILLIAM FLINN V. DOLGENCORP, LLC; | Case No. 4:16-cv-00529 |
| KEVIN GADSON V. DOLGENCORP, LLC; | Case No. 4:16-cv-00530 |
| MIRIAM FRUHLING V. DOLLAR GENERAL CORP., ET AL.; | Case No. 4:16-cv-00531 |
| ROBIN PREAS V. DOLLAR GENERAL CORP., ET AL.; | Case No. 4:16-cv-00533 |
| JAMES TASCHNER V. DOLLAR GENERAL CORP., ET AL.; | Case No. 4:16-cv-00606 |
| JASON WOOD, ET AL. V. DOLLAR GENERAL CORP., ET AL.; | Case No. 4:16-cv-00607 |
| BRANDON RAAB V. DOLGENCORP, LLC; | Case No. 4:16-cv-00868 |
| SEIT ALLA V. DOLGENCORP, LLC | Case No. 4:17-cv-00413 |

DECLARATION OF ALLAN KANNER IN SUPPORT OF
PLAINTIFFS' MOTION FOR REASONABLE ATTORNEYS' FEES, COSTS,
LITIGATION EXPENSES, AND CLASS REPRESENTATIVE SERVICE AWARDS

I, Allan Kanner, declare and state as follows:

1.     I am the founding partner of Kanner & Whiteley, L.L.C. I am a member in good

standing of the State Bars of Louisiana, New Jersey, California, Oklahoma, New York,

Pennsylvania, and Texas.

2.    I make this Declaration in support of Plaintiffs' Motion for Reasonable Attorneys' Fees, Costs, Litigation Expenses, and Class Representative Service Awards, based upon my personal knowledge.

3.    Kanner & Whiteley was appointed Interim Lead Counsel on June 21, 2016, and in conjunction with the Court's March 21, 2019 Class Certification Order, Kanner & Whiteley was appointed Lead Class Counsel for all certified classes.

4.    My firm and I began investigating Dollar General's sale of obsolete motor in mid-2015.

5.    My firm and our co-counsel filed the first of these cases in December 2015.

6.    Between 2016 and 2017, a number of putative class actions were filed in federal courts across twenty states, which were consolidated before this Court by the Judicial Panel on Multidistrict Litigation.

7.    These cases were heavily litigated from the inception until the Settlement was reached.

8.    Prior to transfer and consolidation in this MDL, the individual cases were litigated to varying degrees with motions to dismiss and/or motions to strike class allegations being briefed in Colorado, Florida, Illinois, Kentucky, Maryland, Michigan, Minnesota, Missouri, New Jersey, and Ohio.

9.    Once transferred and consolidated, Class Counsel successfully resisted Defendants' early efforts to stay discovery. *See* ECF Nos. 14, 21.

10.    Class Counsel filed an extensive consolidated complaint. *See* ECF No. 44.

11.    Class Counsel fully briefed and prevailed in large part on Defendants' Motion to Dismiss the consolidated complaint. *See* ECF Nos. 85, 89, 91, 117.

12. Class Counsel also briefed and prevailed on Defendants' Motion to Strike Class Allegations. *See* ECF Nos. 87, 89, 92.

13. Following these initial motions, discovery began.

14. Fact discovery in this case was extensive. The parties exchanged written discovery including initial disclosures and numerous rounds of interrogatories and requests for the production of documents, as well as requests for admission. This resulted in the production of over 240,000 pages of documents. Class Counsel created an electronic database to house these documents, created a uniform review process, and spent considerable time and effort reviewing all of the written discovery that was produced and assessing its value for upcoming depositions and trial.

15. Many of these selected documents were then used in depositions. Over forty fact witnesses were deposed. Class Counsel deposed Defendants' corporate representative and fourteen current or former Dollar General employees and/or officers.

16. Defendants deposed each of the Plaintiffs. Prior to these depositions, Class Counsel met with and prepared each Plaintiff for the deposition and then defended the Plaintiffs at the depositions.

17. Class Counsel also undertook significant third-party discovery. Class Counsel served subpoenas and then reviewed responsive documents from these third-parties, which included various trade industry groups, Defendants' business partners, and even state regulators. Class Counsel thereafter deposed five of these third-parties.

18. Defendants also took significant third-party discovery of a number of entities and individuals they believed had information relevant to the Plaintiffs' claims. Class Counsel participated in these depositions, as well.

19.     Expert discovery was also fully completed. Class Counsel expended significant resources locating and working with experts for this litigation. This included Plaintiffs' marketing expert who conducted a consumer survey, as well as Plaintiffs' tribology expert, which is a unique field of expertise, but useful in asserting the dangers of using obsolete motor oil. Class Counsel retained seven testifying experts for purposes of this Action.

20.     The parties exchanged voluminous expert reports from fifteen experts in a wide range of fields, including marketing, human factors, tribology, mechanical engineering, oil refining and marketing industry, and economics/damages.

21.     Class Counsel prepared for and deposed each of Defendants' eight experts and defended each of Plaintiffs' experts at their depositions.

22.     With the benefit of fact and expert discovery, Class Counsel researched and briefed their Motion for Class Certification. Plaintiffs prevailed on their motion in substantial part, and Class Counsel further briefed a Motion for Reconsideration regarding an issue with the Texas class, on which they also prevailed. *See* ECF Nos. 174, 184, 192, 228, 232, 234, 235, 236.

23.     Throughout this period, Class Counsel also briefed other discovery motions or motions *in limine*. *See* ECF Nos. 16, 20, 186, 190, 197, 200, 201, 214, 221.

24.     Following this Court's ruling on the Motion for Class Certification, Defendants filed a Rule 23(f) petition with the Eighth Circuit. This involved further briefing by Class Counsel. Once the Eighth Circuit granted Defendant's petition, Class Counsel spent extensive time and effort in researching and briefing the class certification issues on appeal.

25.     Class Counsel had also begun researching issues for *Daubert* motions in conjunction with the Court's scheduling order, and the parties were in the process of drafting *Daubert* motions and motions for summary judgment when the case was stayed pending appeal.

26.     The parties first began settlement discussions in November 2016 with a mediation before Jill Morris, the Court's then-Director of Mediation and Assessment Program. The parties participated in two formal mediations and numerous teleconferences in between sessions with Ms. Morris, but the discussions were not fruitful.

27.     Over the course of the next year, counsel for the parties continued to engage in settlement discussions among themselves.

28.     On April 24, 2019, the parties decided to try formal mediation again, this time before a private mediator agreed upon by the parties, Eric Van. Loon. Mr. Van Loon is a highly respected JAMS mediator with more than 20,000 hours of mediation experience.

29.     No agreement was reached during the in-person mediation on April 24, 2019, but the parties continued settlement negotiations, working with Mr. Van Loon.

30.     In the midst of these settlement discussions, on June 26, 2019, the Eight Circuit granted Defendants' Rule 23(f) petition, which created a new risk for Plaintiffs.

31.     After over a year of settlement negotiations under the supervision of Mr. Van Loon, the parties agreed in principle to a Settlement on August 6, 2020.

32.     Further negotiations continued on the details of an agreement, and a final Settlement Agreement was executed on February 1, 2021.

33.     All of the settlement negotiations were at arms' length, and the parties extensively negotiated almost every aspect of the Settlement Agreement.

34.     Attorneys' fees were not discussed until after the parties had reached agreement on the substantive relief for Settlement Class Members, and the parties negotiated the settlement of these statutory attorneys' fees and litigation costs under the supervision of the mediator.

35.     The Partial Refund Benefits portion of the Settlement provides Settlement Class Members without proof of purchase the ability to claim $1.68 per quart of DG Auto obsolete motor oil purchased up to a total of 10 quarts ($16.80) per household. This represents a significant portion of the purchase price.

36.     Documents produced in discovery, including DG01013579-DG01013613, indicate that for the vast majority of the Class Period, the retail price of the Products in most markets was $2.75 per quart. The retail price in 2010 at the beginning of the Class Period was $2.25 per quart, and by August 2011, the price had increased to $2.75, where it remained for the rest of the Class Period.

37.     The Settlement Class Period runs from September 1, 2010, through December 31, 2017, the entire time Dollar General sold the Products. This provides every consumer who ever purchased DG Auto obsolete motor oil the opportunity to participate in this Settlement.

38.     While seventeen state classes were certified by this Court, the Settlement Class provides nationwide relief. As Plaintiffs' economic model demonstrates, Dollar General's sales nationwide were more than double the total sales for the certified states. *See also* ECF No. 175-49 at Table 1 (comparing refund damages in certified states to implied warranty nationwide damages).

39.     The parties worked with Heffler Claims Group, the Settlement Administrator, to develop a comprehensive, nationwide notice campaign to be paid for by Dollar General. The estimated cost of the notice campaign is almost $300,000.

40.     Class Counsel continue to work with the Settlement Administrator in implementing the notice program and overseeing the claims process.

41.     Under the terms of the Settlement Agreement, Defendants have agreed to pay Class Counsels' attorneys' fees and litigation costs not to exceed $10 million.

42.     Class Counsel seek an award of $10 million for attorneys' fees and reimbursement of litigation costs and expenses.

43.     As of the date of this filing, Class Counsels' reasonable litigation costs and expenses total at least $894,755.77. Given that Class Counsel continue to oversee the notice program and the claims process and are preparing for the Final Approval Hearing, this number will increase before this matter is concluded.

44.     After subtracting Class Counsels' reasonable litigation costs and expenses, the total fee award would be $9,105,244.23.

45.     Class Counsel seeks a fee award under the lodestar method.

46.     As of the date of this filing, Class Counsels' lodestar is at least $10,047,652.02, based on a total of 21,046.62 hours. As with Class Counsel's costs, Class Counsel's lodestar will continue to increase, as Class Counsel has further work to do to bring this matter to conclusion.

47.     The fee award of $9,105,244.23 would represent 90.6% of Class Counsels' current lodestar, payable under the consumer fee-shifting statutes at issue in the Action.

48.     This results in a negative multiplier.

49.     As noted, Class Counsels' work here is not done, and their lodestar and costs and expenses will inevitably increase through subsequent filings and any potential appeals. Further, Class Counsel will supervise the administration of the Settlement, and monitor compliance with the Settlement Agreement's injunctive relief provisions.

50.     As set forth in my Response to the Court's Request for Information on Fee Allocation Among Plaintiffs' Counsel (ECF No. 30), each member of Class Counsel agreed to follow certain guidelines with respect to the management of the cases.

51.     In compliance with these guidelines, throughout the course of the litigation, Class Counsel made monthly submissions to my firm, not only showing the hours, hourly rate, and lodestar for each timekeeper that month, but also providing billing records showing the time spent each day and list of tasks. Class Counsel were further required to categorize all time (discovery, motions practice, etc.). Class Counsel's monthly submittals also included costs incurred by each firm by category, supported by detailed records.

52.     Other requirements included only performing tasks specifically assigned by Lead Counsel and billing time in tenth of an hour increments.  In addition, non-billable time (such as time incurred preparing billing records or preparing this fee application) was not included.

53.     My firm personally reviewed the hours and costs submitted by Class Counsel.

54.     In addition, each firm submitted a declaration to me setting forth their total billable hours, customary and standard billable rates, total lodestar, and expenses; confirming their compliance with the agreed upon guidelines; and confirming that their billable hours and costs submitted were true and accurate, as well as fair, reasonable and necessary for the successful administration and prosecution of the litigation.

55.     Below is a summary for each firm's lodestar, setting forth the timekeeper, most recent hourly rate, number of hours, and total lodestar:

| Kanner & Whiteley, LLC (Lead Counsel) | | | |
|---|---|---|---|
| Timekeeper | Hourly Rate | Hours | Lodestar |
| Allan Kanner | $750 | 2,215.40 | $1,565,975.00 |
| Conlee Whiteley | $550 | 67.80 | $36,760.00 |
| Cynthia St. Amant | $450 | 4,138.00 | $1,715,225.00 |
| Allision Brouk | $375 | 156.70 | $46,802.50 |
| Deborah Trotter | $300 | 20.40 | $6,120.00 |
| Caitrin Reilly | $175 | 24.80 | $4,340.00 |
| Luke Hasskamp | $225 | 4.50 | $1,102.50 |
| J. Fischbach | $250 | 61.60 | $15,400.00 |
| Rosalind Davis | $125 | 98.60 | $11,349.00 |
| Krystal Crowell | $125 | 9.60 | $1,200.00 |
| Ed Avery | $125 | 65.30 | $8,162.50 |
| Melesa Shumate | $125 | 2,114.80 | $264,350.00 |
| | **Total:** | **8,977.50** | **$3,676,696.50** |

| Humphry, Farrington, & McClain, PC (Liaison Counsel) | | | |
|---|---|---|---|
| Timekeeper | Hourly Rate | Hours | Lodestar |
| Kenneth B. McClain | $950 | 342.40 | $325,280.00 |
| Kevin D. Stanley | $650 | 915.80 | $595,270.00 |
| Andrew K. Smith | $600 | 11.00 | $6,600.00 |
| Colin W. McClain | $325 | 223.10 | $72,507.50 |
| Nichelle Oxley | $300 | 2.20 | $660.00 |
| Jennifer Meisberger | $150 | 1.60 | $240.00 |
| | **Total:** | **1,496.10** | **$1,000,557.50** |

| Ademi & O'Reilly, LLP | | | |
|---|---|---|---|
| Timekeeper | Hourly Rate | Hours | Lodestar |
| Shpetim Ademi | $775 | 139.70 | $100,160.00 |
| Guri Ademi | $825 | 0.70 | $525.00 |
| Robert K. O'Reilly | $750 | 7.40 | $5,180.00 |
| John D. Blythin | $500 | 39.10 | $17,697.50 |
| Mark Eldridge | $450 | 142.10 | $55,628.00 |
| Denise L. Morris | $450 | 19.00 | $7,125.00 |
| Jesse Fruchter | $400 | 93.10 | $28,172.50 |
| Ben Slatky | $400 | 545.90 | $175,880.00 |
| | **Total:** | **987.00** | **$390,368.00** |

9

| Berezofsky Law Group | | | |
|---|---|---|---|
| Timekeeper | Hourly Rate | Hours | Lodestar |
| Esther Berezofsky | $900 | 43.40 | $39,060.00 |
| Mark R. Cuker | $795 | 116.50 | $92,617.50 |
| Michael J. Quirk | $650 | 196.20 | $127,530.00 |
| Peter C. Romano | $500 | 212.20 | $106,100.00 |
| Sarah T. Hansel | $425 | 10.00 | $4,250.00 |
| Barbara McBride | $225 | 43.20 | $9,720.00 |
| Helena Fonseca | $175 | .50 | $87.50 |
| | Total: | 622.00 | $379,365.00 |

| Clark Law Firm, PC | | | |
|---|---|---|---|
| Timekeeper | Hourly Rate | Hours | Lodestar |
| Gerald Clark | $600 | 731.76 | $439,058.52 |
| Mark Morris | $400 | 677.93 | $271,172.00 |
| William Peck | $400 | 18.50 | $7,400.00 |
| | Total: | 1,428.19 | $717,630.52 |

| Daniels Law Firm, PC | | | |
|---|---|---|---|
| Timekeeper | Hourly Rate | Hours | Lodestar |
| Walter Daniels | $550 | 258.80 | $142,340.00 |
| Alana Gerlach | $225 | 8.60 | $1,935.00 |
| | Total: | 267.40 | $144,275.00 |

| Diaz Law Firm | | | |
|---|---|---|---|
| Timekeeper | Hourly Rate | Hours | Lodestar |
| Gerald J. Diaz, Jr. | $700 | 7.00 | $4,900.00 |
| Christopher P. Williams | $400 | 7.20 | $2,880.00 |
| Tripp Segars | $300 | 7.90 | $2,370.00 |
| | Total: | 22.10 | $10,150.00 |

| Futscher Law, PLLC | | | |
|---|---|---|---|
| Timekeeper | Hourly Rate | Hours | Lodestar |
| David A Futscher | $600 | 543.30 | $325,980.00 |
| | Total: | 543.30 | $325,980.00 |

| Ku & Mussman, PA | | | |
|---|---|---|---|
| Timekeeper | Hourly Rate | Hours | Lodestar |
| Brian Ku | $550 | 100.10 | $55,055.00 |
| Louis Mussman | $550 | 268.20 | $147,510.00 |
| Ryan Casey | $550 | 2,683.10 | $1,475,705.00 |
| Jeremy Herrig | $550 | 58.50 | $32,175.00 |
| RS | $160 | 53.10 | $8,496.00 |
| AY | $115 | 21.10 | $2,426.50 |
| LM | $125 | 1.10 | $137.50 |
| | Total: | 3185.20 | $1,721,505.00 |


| Law Offices of A. Craig Eiland | | | |
|---|---|---|---|
| Timekeeper | Hourly Rate | Hours | Lodestar |
| David Bonnin | $400 | 40.30 | $16,120.00 |
| Craig Eiland | $750 | 30.00 | $22,500.00 |
| | Total: | 70.30 | $38,620.00 |


| Law Offices of John P. Zuccarini | | | |
|---|---|---|---|
| Timekeeper | Hourly Rate | Hours | Lodestar |
| John P. Zuccarini | $600 | 189.80 | $113,880.00 |
| | Total: | 189.80 | $113,880.00 |


| Law Offices of Sarah E. Steslicki | | | |
|---|---|---|---|
| Timekeeper | Hourly Rate | Hours | Lodestar |
| Sarah E. Steslicki | $300 | 22.50 | $6,750.00 |
| | Total: | 22.50 | $6,750.00 |


| Law Offices of Stephen J. Nolan | | | |
|---|---|---|---|
| Timekeeper | Hourly Rate | Hours | Lodestar |
| Stephen J. Nolan | $425 | 74.70 | $31,747.50 |
| Kathleen Childs | $125 | 14.50 | $1,812.50 |
| | Total: | 89.20 | 33,560.00 |


| Maschka, Riedy & Ries Law Firm | | | |
|---|---|---|---|
| Timekeeper | Hourly Rate | Hours | Lodestar |
| George Chronic | $250 | 17.5 | $4,375.00 |
| Eric Iverson | $200 | 19.40 | $3,378.00 |
| | Total: | 36.90 | $7,753.00 |

11

| Milstein, Aldelman, Jackson, Fairchild & Wade, LLC | | | |
|---|---|---|---|
| Timekeeper | Hourly Rate | Hours | Lodestar |
| Gillian L. Wade | $700 | 161.15 | $107,616.25 |
| Sara D. Avila | $600 | 332.58 | $164,586.50 |
| Marc A. Castaneda | $425 | 374.00 | $144,600.00 |
| Andrew Whitman | $400 | 166.50 | $58,150.00 |
| David Marin | $200 | 18.25 | $3,650.00 |
| Andrew Whitman | $125 | 28.00 | $3,500.00 |
| | Total: | 1,080.48 | $482,102.75 |

| Rubens & Kress | | | |
|---|---|---|---|
| Timekeeper | Hourly Rate | Hours | Lodestar |
| Toby P. Mulholland | $350 | 10.40 | $3,640.00 |
| Robert B. Pawlowski | $275 | 3.50 | $962.50 |
| | Total: | 13.90 | $4,602.50 |

| Simmons Hanley Conroy, LLC | | | |
|---|---|---|---|
| Timekeeper | Hourly Rate | Hours | Lodestar |
| Mitchell Breit | $1,000 | 395.50 | $357,350.00 |
| Andrea Bierstein | $900 | 7.00 | $6,300.00 |
| Brittany Boswell | $500 | 977.90 | $488,950.00 |
| Eric Disney | $185 | 531.25 | $98,281.25 |
| Rick Kroeger | $500 | 44.75 | $24,612.50 |
| Eric Johnson | $185 | 1.50 | $277.50 |
| Jason Meyers | $185 | 33.0 | $6,105.00 |
| Justin Presnal | $800 | 6.10 | $4,880.00 |
| An Truong | $400 | 17.75 | $7,100.00 |
| | Total: | 2,014.75 | $993,856.25 |

56.     The hours made pursuant to this fee application were all necessary for the successful prosecution of this matter, and assignments were delegated and reviewed by Lead Counsel to avoid duplication of effort and to ensure quality control.

57.     The hourly rates, ranging from $200 to $1000 (attorneys) and $115 to $225 (staff and paralegal) are reasonable with respect to consumer class actions and represent each firm's standard and customary hourly rates.

58.    Class Counsel have thus far incurred a total of $894,755.77 in properly documented costs and litigation expenses, as provided for in the table below:

| Category | Amount |
|---|---:|
| Court Costs – filing fees and service of process | $17,193.90 |
| Experts/Consultants | $451,652.54 |
| Postage | $388.84 |
| Overnight Shipping/Courier | $3,584.39 |
| Hearing Transcripts | $82.45 |
| Deposition Costs | $66,360.88 |
| Legal Research | $56,195.42 |
| Photocopying | $31,412.53 |
| Telephone | $1,212.59 |
| Travel Expenses | $139,081.28 |
| Other | $128,863.55 |
| Credit | ($1,272.60) |
| **Total:** | **$894,755.77** |

59.    The majority of the costs listed as "Other" constitute costs associated with housing Class Counsel's document review and database hosting platform.

60.    These costs and expenses were reasonable and necessary in the pursuit of this litigation and the results obtained.

61.    Further, these costs and expenses will be paid from the total $10 million fee and expense request, which was negotiated only after the relief to the Settlement Class was agreed upon and will not reduce any benefits made available to the Settlement Class.

62.    Class Counsel put forward these necessary out-of-pocket costs without assurance that they would ever be repaid.

63.     This case involved novel and difficult questions with respect to fact, law, and procedure. The factual scenario (out-of-specification automotive motor oil) was novel, and Class Counsel did not have the benefit of precedent with which to assess the viability of the claims.

64.     The case involved experts in fields rarely seen in civil litigation, such as tribology (the science of fluid lubrication).

65.     Class Counsels' retention agreements with the Class Representatives provide for payment of fees contingent upon success.

66.     As a result, Class Counsel have litigated this case for almost five years without receiving any payment or reimbursement of expenses to date.

67.     As the firm biographies note, Class Counsel are recognized for their mastery of multi-district consumer class actions and complex litigation similar to the one at hand. *See* ECF No. 174-34.

68.     I have personally served as lead or co-lead counsel in my firm's complex litigation, class actions, and consumer fraud and deceptive and unfair sales practices claims. Some of these cases include: *In re: Cox Enter., Inc., Set-Top Cable Television Box Antitrust Litig.*, MDL No. 2048 (Cauthron, J., W.D. Okla.) (co-lead counsel in antitrust class actions); *In re: Budeprion XL Marketing and Sales Litig.*, MDL No. 2107 (Schiller, J., E.D. Pa.) (lead counsel in pharmaceutical consumer fraud class action culminating in national class settlement with pharmaceutical manufacturer); *In re: Cooper Tire & Rubber Co. Tire Litig.*, MDL No. 1393 (Holschuh, J., S.D. Ohio) and *Talalai v. Cooper Tire & Rubber Co.*, MID-L-8839-OOMT, Mass Tort 259 (Corodemus, J., Law Div. Middlesex County, N.J.) (lead counsel in consumer fraud class actions on behalf of tire purchasers ending with multi-million dollar national class settlement); *In re: Synthroid Marketing Litig.*, MDL No. 1182 (Bucklo, J., N.D. Ill.) (co-lead counsel in consumer

14

fraud national class action relating to deceptive marketing and sales and reaching $89 million nationwide class action settlement); *Hanson v. Acceleration Life Ins. Co.,* Civ. No. A3:97-152 (Webb, J.; Klein, Magis. J., D.N.D.) (lead counsel in national consumer fraud class action for elderly purchasers of long term care insurance resulting in $14.7 million settlement); and *City of Independence v. Amoco Oil Co.*, No. 95-0019-CV-W-2 consolidated with *Petrovic v. Amoco Oil Co.*, No. 95-0121-CV-W-2 (W.D. Mo.) (co-lead counsel in pollution property damage class action resulting in settlement and which was defended on appeal). Each of these cases was successfully litigated and expeditiously resolved.

69.     As part of their Motion for Final Approval, Plaintiffs will submit the Declaration and Report of Dr. Kurt Krueger, an economist retained by Class Counsel.

70.     Dr. Krueger's report will calculate the economic value of one component of the injunctive relief: the commitment to provide modern-specification motor oils in the future.

71.     Based on Dr. Krueger's initial review, Plaintiffs anticipate this number to exceed $20,000,000 on an annual basis.

72.     Plaintiffs request a service award of $6,750 to each Class Representative.

73.     The Settlement provides that Defendants will pay a Service Award to the Class Representatives in a total amount not to exceed $135,000, which is $6,750 for each of the twenty Class Representatives.

74.     Each Class Representative invested significant time in the litigation by working with Class Counsel to facilitate the investigation, litigation, and resolution of this matter. *See* Class Representative Declarations, attached as **Exhibit A**.

75.     The Class Representatives in this case were actively involved in the litigation and demonstrated considerable knowledge about the case. *Id.*

76.     The Class Representatives were asked to provide considerable information as part of the pre-suit investigation *and* in response to discovery requests (including interrogatories and providing documents responsive to document requests). *Id.*

77.     Each Class Representative also submitted to a deposition by Dollar General's counsel and were attacked in Dollar General's pleadings.

78.     Each Class Representative received and reviewed various drafts and final pleadings. *Id.*

79.     The Class Representatives also received and carefully reviewed the Settlement Agreement to understand its terms and benefits to the Settlement Class and discussed same with Class Counsel. *Id.*

80.     Further, the Class Representatives have agreed to assist in Class Counsels' future efforts to monitor Dollar General's compliance with the "modern specification" injunctive relief component. *Id.*

Under penalty of perjury pursuant to 28 U.S.C. §1746, I declare the foregoing is true and correct.

Dated: April 26, 2021

_____
Allan Kanner, Esq.
*Lead Class Counsel*

# Exhibit A

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

| | |
|---|---|
| **IN RE: DOLLAR GENERAL CORP. MOTOR OIL MARKETING AND SALES PRACTICES LITIGATION** | **MDL No. 2709**<br><br>**Master Case No. 16-02709-MD-W-GAF** |
| **THIS PLEADING RELATES TO:** | |
| **ROBERT OREN V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00105** |
| **ROBERTO VEGA V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00518** |
| **ALLEN BROWN V. DOLLAR CORP., ET AL.;** | **Case No. 4:16-cv-00519** |
| **BRADFORD BARFOOT V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00520** |
| **GERARDO SOLIS V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00521** |
| **NICHOLAS MEYER V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00522** |
| **JOHN FOPPE V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00523** |
| **JOHN MCCORMICK, III V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00524** |
| **BRUCE GOOEL V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00525** |
| **SCOTT SHEEHY V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00526** |
| **JANINE HARVEY V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00528** |
| **WILLIAM FLINN V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00529** |
| **KEVIN GADSON V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00530** |
| **MIRIAM FRUHLING V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00531** |
| **ROBIN PREAS V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00533** |
| **JAMES TASCHNER V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00606** |
| **JASON WOOD, ET AL. V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00607** |
| **BRANDON RAAB V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00868** |
| **SEIT ALLA V. DOLGENCORP, LLC** | **Case No. 4:17-cv-00413** |

## DECLARATION OF ROBERT A. OREN, II IN SUPPORT OF PLAINTIFFS' MOTION FOR REASONABLE ATTORNEYS' FEES, COSTS, LITIGATION EXPENSES AND CLASS REPRESENTATIVE SERVICE AWARDS AND IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT

I, Robert A. Oren, II, declare as follows:

1.     I am a named Plaintiff and Class Representative in this Action. I make this declaration based on my personal knowledge of the facts contained herein.

2.     I make this declaration in support of Plaintiffs' Motion for Reasonable Attorneys' Fees, Costs, Litigation Expenses and Class Representative Service Awards and in support of final

1

approval of the Settlement.

3.        I invested many hours in this litigation by working with Class Counsel to facilitate the litigation and resolution of this matter. For example, I received and reviewed various draft and final pleadings, provided Class Counsel with information pertinent to my and the class claims, attended the mediation session at the United States Courthouse in Kansas City, Missouri, responded to written discovery and provided responsive documentation, was deposed by Dollar General's counsel, and communicated with Class Counsel about the status and direction of the litigation, including its ultimate resolution.

4.        Assuming the Settlement Agreement is approved, I agree to assist Class Counsel in monitoring Dollar General's compliance with its agreement under the Settlement that it will refrain from selling non-active specification motor oil under its DG Auto label in the future.

5.        I received and carefully reviewed the Settlement Agreement to understand its terms and the benefits to the Settlement Class. I also discussed the progress of settlement negotiations with Class Counsel at numerous points throughout settlement negotiations. I believe the Settlement provides substantial relief to the Settlement Class and the terms of the Settlement are fair, reasonable and adequate.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: 4-8-2021

Robert A. Oren, II

2

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

| | |
|---|---|
| | **MDL No. 2709** |
| **IN RE: DOLLAR GENERAL CORP. MOTOR OIL MARKETING AND SALES PRACTICES LITIGATION** | **Master Case No. 16-02709-MD-W-GAF** |
| **THIS PLEADING RELATES TO:** | |
| **ROBERT OREN V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00105** |
| **ROBERTO VEGA V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00518** |
| **ALLEN BROWN V. DOLLAR CORP., ET AL.;** | **Case No. 4:16-cv-00519** |
| **BRADFORD BARFOOT V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00520** |
| **GERARDO SOLIS V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00521** |
| **NICHOLAS MEYER V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00522** |
| **JOHN FOPPE V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00523** |
| **JOHN MCCORMICK, III V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00524** |
| **BRUCE GOOEL V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00525** |
| **SCOTT SHEEHY V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00526** |
| **JANINE HARVEY V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00528** |
| **WILLIAM FLINN V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00529** |
| **KEVIN GADSON V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00530** |
| **MIRIAM FRUHLING V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00531** |
| **ROBIN PREAS V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00533** |
| **JAMES TASCHNER V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00606** |
| **JASON WOOD, ET AL. V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00607** |
| **BRANDON RAAB V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00868** |
| **SEIT ALLA V. DOLGENCORP, LLC** | **Case No. 4:17-cv-00413** |

## DECLARATION OF ROBERTO VEGA, JR. IN SUPPORT OF PLAINTIFFS' MOTION FOR REASONABLE ATTORNEYS' FEES, COSTS, LITIGATION EXPENSES AND CLASS REPRESENTATIVE SERVICE AWARDS AND IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT

I, ROBERTO VEGA, JR., declare as follows:

1.      I am a named Plaintiff and Class Representative in this Action. I make this declaration based on my personal knowledge of the facts contained herein.

2.      I make this declaration in support of Plaintiffs' Motion for Reasonable Attorneys' Fees, Costs, Litigation Expenses and Class Representative Service Awards and in support of final

approval of the Settlement.

3.     I invested many hours in this litigation by working with Class Counsel to facilitate the litigation and resolution of this matter. For example, I received and reviewed various draft and final pleadings, provided Class Counsel with information pertinent to my and the class claims, responded to written discovery and provided responsive documentation, prepared for and was deposed by Dollar General's counsel, and communicated with Class Counsel about the status and direction of the litigation, including its ultimate resolution.

4.     I will also assisting Class Counsel in monitoring Dollar General's compliance with its agreement under the Settlement to not sell non-active specification motor oil under its DG Auto label in the future, assuming the Settlement Agreement is finally approved.

5.     I received and carefully reviewed the Settlement Agreement to understand its terms and the benefits to the Settlement Class. I also discussed the terms of the Settlement Agreement with Class Counsel. I believe the Settlement provides substantial relief to the Settlement Class and the terms of the Settlement are fair, reasonable and adequate.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: 4-18-21

Roberto Vega, Jr.

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| IN RE: DOLLAR GENERAL CORP. MOTOR OIL MARKETING AND SALES PRACTICES LITIGATION | MDL No. 2709<br><br>Master Case No.<br>16-02709-MD-W-GAF |
| THIS PLEADING RELATES TO: | |
| ROBERT OREN V. DOLLAR GENERAL CORP., ET AL.; | Case No. 4:16-cv-00105 |
| ROBERTO VEGA V. DOLGENCORP, LLC; | Case No. 4:16-cv-00518 |
| ALLEN BROWN V. DOLLAR CORP., ET AL.; | Case No. 4:16-cv-00519 |
| BRADFORD BARFOOT V. DOLGENCORP, LLC; | Case No. 4:16-cv-00520 |
| GERARDO SOLIS V. DOLLAR GENERAL CORP., ET AL.; | Case No. 4:16-cv-00521 |
| NICHOLAS MEYER V. DOLLAR GENERAL CORP., ET AL.; | Case No. 4:16-cv-00522 |
| JOHN FOPPE V. DOLLAR GENERAL CORP., ET AL.; | Case No. 4:16-cv-00523 |
| JOHN MCCORMICK, III V. DOLGENCORP, LLC; | Case No. 4:16-cv-00524 |
| BRUCE GOOEL V. DOLGENCORP, LLC; | Case No. 4:16-cv-00525 |
| SCOTT SHEEHY V. DOLLAR GENERAL CORP., ET AL.; | Case No. 4:16-cv-00526 |
| JANINE HARVEY V. DOLLAR GENERAL CORP., ET AL.; | Case No. 4:16-cv-00528 |
| WILLIAM FLINN V. DOLGENCORP, LLC; | Case No. 4:16-cv-00529 |
| KEVIN GADSON V. DOLGENCORP, LLC; | Case No. 4:16-cv-00530 |
| MIRIAM FRUHLING V. DOLLAR GENERAL CORP., ET AL.; | Case No. 4:16-cv-00531 |
| ROBIN PREAS V. DOLLAR GENERAL CORP., ET AL.; | Case No. 4:16-cv-00533 |
| JAMES TASCHNER V. DOLLAR GENERAL CORP., ET AL.; | Case No. 4:16-cv-00606 |
| JASON WOOD, ET AL. V. DOLLAR GENERAL CORP., ET AL.; | Case No. 4:16-cv-00607 |
| BRANDON RAAB V. DOLGENCORP, LLC; | Case No. 4:16-cv-00868 |
| SEIT ALLA V. DOLGENCORP, LLC | Case No. 4:17-cv-00413 |

DECLARATION OF ALLEN BROWN IN SUPPORT OF
PLAINTIFFS' MOTION FOR REASONABLE ATTORNEYS' FEES, COSTS,
LITIGATION EXPENSES AND CLASS REPRESENTATIVE SERVICE AWARDS AND
IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT

I, Allen Brown, declare as follows:

1.      I am a named Plaintiff and Class Representative in this Action. I make this

declaration based on my personal knowledge of the facts contained herein.

2.      I make this declaration in support of Plaintiffs' Motion for Reasonable Attorneys'

Fees, Costs, Litigation Expenses and Class Representative Service Awards and in support of final

1

approval of the Settlement.

3. I invested many hours in this litigation by working with Class Counsel to facilitate the litigation and resolution of this matter. For example, I received and reviewed various draft and final pleadings, provided Class Counsel with information pertinent to my and the class claims, responded to written discovery and provided responsive documentation, was deposed by Dollar General's counsel, and communicated with Class Counsel about the status and direction of the litigation, including its ultimate resolution.

4. Assuming the Settlement Agreement is approved, I agree to assist Class Counsel in monitoring Dollar General's compliance with its agreement under the Settlement that it will refrain from selling non-active specification motor oil under its DG Auto label in the future.

5. I received and carefully reviewed the Settlement Agreement to understand its terms and the benefits to the Settlement Class. I also discussed the progress of settlement negotiations with Class Counsel at numerous points throughout settlement negotiations. I believe the Settlement provides substantial relief to the Settlement Class and the terms of the Settlement are fair, reasonable and adequate.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: 7-8-21

Allen Brown

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| IN RE: DOLLAR GENERAL CORP. MOTOR OIL MARKETING AND SALES PRACTICES LITIGATION | MDL No. 2709 |
| | Master Case No. 16-02709-MD-W-GAF |
| THIS PLEADING RELATES TO: | |
| ROBERT OREN V. DOLLAR GENERAL CORP., ET AL.; | Case No. 4:16-cv-00105 |
| ROBERTO VEGA V. DOLGENCORP, LLC; | Case No. 4:16-cv-00518 |
| ALLEN BROWN V. DOLLAR CORP., ET AL.; | Case No. 4:16-cv-00519 |
| BRADFORD BARFOOT V. DOLGENCORP, LLC; | Case No. 4:16-cv-00520 |
| GERARDO SOLIS V. DOLLAR GENERAL CORP., ET AL.; | Case No. 4:16-cv-00521 |
| NICHOLAS MEYER V. DOLLAR GENERAL CORP., ET AL.; | Case No. 4:16-cv-00522 |
| JOHN FOPPE V. DOLLAR GENERAL CORP., ET AL.; | Case No. 4:16-cv-00523 |
| JOHN MCCORMICK, III V. DOLGENCORP, LLC; | Case No. 4:16-cv-00524 |
| BRUCE GOOEL V. DOLGENCORP, LLC; | Case No. 4:16-cv-00525 |
| SCOTT SHEEHY V. DOLLAR GENERAL CORP., ET AL.; | Case No. 4:16-cv-00526 |
| JANINE HARVEY V. DOLLAR GENERAL CORP., ET AL.; | Case No. 4:16-cv-00528 |
| WILLIAM FLINN V. DOLGENCORP, LLC; | Case No. 4:16-cv-00529 |
| KEVIN GADSON V. DOLGENCORP, LLC; | Case No. 4:16-cv-00530 |
| MIRIAM FRUHLING V. DOLLAR GENERAL CORP., ET AL.; | Case No. 4:16-cv-00531 |
| ROBIN PREAS V. DOLLAR GENERAL CORP., ET AL.; | Case No. 4:16-cv-00533 |
| JAMES TASCHNER V. DOLLAR GENERAL CORP., ET AL.; | Case No. 4:16-cv-00606 |
| JASON WOOD, ET AL. V. DOLLAR GENERAL CORP., ET AL.; | Case No. 4:16-cv-00607 |
| BRANDON RAAB V. DOLGENCORP, LLC; | Case No. 4:16-cv-00868 |
| SEIT ALLA V. DOLGENCORP, LLC | Case No. 4:17-cv-00413 |

## DECLARATION OF BRADFORD BARFOOT IN SUPPORT OF PLAINTIFFS' MOTION FOR REASONABLE ATTORNEYS' FEES, COSTS, LITIGATION EXPENSES AND CLASS REPRESENTATIVE SERVICE AWARDS AND IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT

I, Bradford Paige Barfoot, declare as follows:

1.      I am a named Plaintiff and Class Representative in this Action. I make this

declaration based on my personal knowledge of the facts contained herein.

2.      I make this declaration in support of Plaintiffs' Motion for Reasonable Attorneys'

Fees, Costs, Litigation Expenses and Class Representative Service Awards and in support of final

approval of the Settlement.

3.      I invested many hours in this litigation by working with Class Counsel to facilitate the litigation and resolution of this matter. For example, I received and reviewed various draft and final pleadings, provided Class Counsel with information pertinent to my and the class claims, responded to written discovery and provided responsive documentation, was deposed by Dollar General's counsel, investigated the availability of the motor oil product following the filing of the action, and communicated with Class Counsel about the status and direction of the litigation, including its ultimate resolution.

4.      I will also assist Class Counsel in monitoring Dollar General's compliance with its agreement under the Settlement to not sell non-active specification motor oil under its DG Auto label in the future, assuming the Settlement Agreement is finally approved.

5.      I received and carefully reviewed the Settlement Agreement to understand its terms and the benefits to the Settlement Class, and discussed the Settlement Agreement with Class Counsel. I believe the Settlement provides substantial relief to the Settlement Class and the terms of the Settlement are fair, reasonable and adequate.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: 4/16/21

Bradford Paige Barfoot

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

| | |
|---|---|
| | **MDL No. 2709** |
| **IN RE: DOLLAR GENERAL CORP. MOTOR OIL MARKETING AND SALES PRACTICES LITIGATION** | **Master Case No. 16-02709-MD-W-GAF** |
| **THIS PLEADING RELATES TO:** | |
| **ROBERT OREN V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00105** |
| **ROBERTO VEGA V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00518** |
| **ALLEN BROWN V. DOLLAR CORP., ET AL.;** | **Case No. 4:16-cv-00519** |
| **BRADFORD BARFOOT V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00520** |
| **GERARDO SOLIS V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00521** |
| **NICHOLAS MEYER V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00522** |
| **JOHN FOPPE V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00523** |
| **JOHN MCCORMICK, III V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00524** |
| **BRUCE GOOEL V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00525** |
| **SCOTT SHEEHY V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00526** |
| **JANINE HARVEY V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00528** |
| **WILLIAM FLINN V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00529** |
| **KEVIN GADSON V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00530** |
| **MIRIAM FRUHLING V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00531** |
| **ROBIN PREAS V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00533** |
| **JAMES TASCHNER V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00606** |
| **JASON WOOD, ET AL. V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00607** |
| **BRANDON RAAB V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00868** |
| **SEIT ALLA V. DOLGENCORP, LLC** | **Case No. 4:17-cv-00413** |

## DECLARATION OF GERARDO SOLIS IN SUPPORT OF PLAINTIFFS' MOTION FOR REASONABLE ATTORNEYS' FEES, COSTS, LITIGATION EXPENSES AND CLASS REPRESENTATIVE SERVICE AWARDS AND IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT

I, Gerardo Solis, declare as follows:

1.     I am a named Plaintiff and Class Representative in this Action. I make this declaration based on my personal knowledge of the facts contained herein.

2.     I make this declaration in support of Plaintiffs' Motion for Reasonable Attorneys' Fees, Costs, Litigation Expenses and Class Representative Service Awards and in support of final

1

approval of the Settlement.

3. I invested many hours in this litigation by working with Class Counsel to facilitate the litigation and resolution of this matter. For example, I received and reviewed various draft and final pleadings, provided Class Counsel with information pertinent to my and the class claims, attended the mediation session at the United States Courthouse in Kansas City, Missouri, responded to written discovery and provided responsive documentation, was deposed by Dollar General's counsel, and communicated with Class Counsel about the status and direction of the litigation, including its ultimate resolution.

4. Assuming the Settlement Agreement is approved, I agree to assist Class Counsel in monitoring Dollar General's compliance with its agreement under the Settlement that it will refrain from selling nonactive specification motor oil under its DG Auto label in the future.

5. I received and carefully reviewed the Settlement Agreement to understand its terms and the benefits to the Settlement Class. I also discussed the progress of settlement negotiations with Class Counsel at numerous points throughout settlement negotiations. I believe the Settlement provides substantial relief to the Settlement Class and the terms of the Settlement are fair, reasonable and adequate.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: 04-03-2021

Gerardo Solis

2

| | |
|---|---|
| **IN RE: DOLLAR GENERAL CORP. MOTOR OIL MARKETING AND SALES PRACTICES LITIGATION** | **MDL No. 2709**<br><br>**Master Case No. 16-02709-MD-W-GAF** |
| **THIS PLEADING RELATES TO:** | |
| **ROBERT OREN V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00105** |
| **ROBERTO VEGA V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00518** |
| **ALLEN BROWN V. DOLLAR CORP., ET AL.;** | **Case No. 4:16-cv-00519** |
| **BRADFORD BARFOOT V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00520** |
| **GERARDO SOLIS V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00521** |
| **NICHOLAS MEYER V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00522** |
| **JOHN FOPPE V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00523** |
| **JOHN MCCORMICK, III V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00524** |
| **BRUCE GOOEL V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00525** |
| **SCOTT SHEEHY V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00526** |
| **JANINE HARVEY V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00528** |
| **WILLIAM FLINN V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00529** |
| **KEVIN GADSON V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00530** |
| **MIRIAM FRUHLING V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00531** |
| **ROBIN PREAS V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00533** |
| **JAMES TASCHNER V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00606** |
| **JASON WOOD, ET AL. V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00607** |
| **BRANDON RAAB V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00868** |
| **SEIT ALLA V. DOLGENCORP, LLC** | **Case No. 4:17-cv-00413** |

## DECLARATION OF NICHOLAS MEYER IN SUPPORT OF PLAINTIFFS' MOTION FOR REASONABLE ATTORNEYS' FEES, COSTS, LITIGATION EXPENSES AND CLASS REPRESENTATIVE SERVICE AWARDS AND IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT

I, Nicholas Meyer, declare as follows:

1. I am a named Plaintiff and Class Representative in this Action. I make this declaration based on my personal knowledge of the facts contained herein.

2. I make this declaration in support of Plaintiffs' Motion for Reasonable Attorneys' Fees, Costs, Litigation Expenses and Class Representative Service Awards and in support of final

approval of the Settlement.

3.     I invested many hours in this litigation by working with Class Counsel to facilitate the litigation and resolution of this matter. For example, I received and reviewed various draft and final pleadings, provided Class Counsel with information pertinent to my and the class claims, responded to written discovery and provided responsive documentation, was deposed by Dollar General's counsel, and communicated with Class Counsel about the status and direction of the litigation, including its ultimate resolution.

4.     Assuming the Settlement Agreement is approved, I agree to assist Class Counsel in monitoring Dollar General's compliance with its agreement under the Settlement that it will refrain from selling non-active specification motor oil under its DG Auto label in the future.

5.     I received and carefully reviewed the Settlement Agreement to understand its terms and the benefits to the Settlement Class. I also discussed the progress of settlement negotiations with Class Counsel at numerous points throughout settlement negotiations. I believe the Settlement provides substantial relief to the Settlement Class and the terms of the Settlement are fair, reasonable and adequate.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: 4/5/21

Nicholas Meyer

2

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

| | |
|---|---|
| | **MDL No. 2709** |
| **IN RE: DOLLAR GENERAL CORP. MOTOR OIL MARKETING AND SALES PRACTICES LITIGATION** | **Master Case No. 16-02709-MD-W-GAF** |
| **THIS PLEADING RELATES TO:** | |
| **ROBERT OREN V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00105** |
| **ROBERTO VEGA V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00518** |
| **ALLEN BROWN V. DOLLAR CORP., ET AL.;** | **Case No. 4:16-cv-00519** |
| **BRADFORD BARFOOT V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00520** |
| **GERARDO SOLIS V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00521** |
| **NICHOLAS MEYER V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00522** |
| **JOHN FOPPE V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00523** |
| **JOHN MCCORMICK, III V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00524** |
| **BRUCE GOOEL V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00525** |
| **SCOTT SHEEHY V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00526** |
| **JANINE HARVEY V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00528** |
| **WILLIAM FLINN V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00529** |
| **KEVIN GADSON V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00530** |
| **MIRIAM FRUHLING V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00531** |
| **ROBIN PREAS V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00533** |
| **JAMES TASCHNER V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00606** |
| **JASON WOOD, ET AL. V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00607** |
| **BRANDON RAAB V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00868** |
| **SEIT ALLA V. DOLGENCORP, LLC** | **Case No. 4:17-cv-00413** |

## DECLARATION OF JOHN FOPPE IN SUPPORT OF
## PLAINTIFFS' MOTION FOR REASONABLE ATTORNEYS' FEES, COSTS, LITIGATION EXPENSES AND CLASS REPRESENTATIVE SERVICE AWARDS AND IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT

I, John Foppe, declare as follows:

1.     I am a named Plaintiff and the Kentucky Class Representative in this Action. I make this declaration based on my personal knowledge of the facts contained herein.

2.     I make this declaration in support of Plaintiffs' Motion for Reasonable Attorneys' Fees, Costs, Litigation Expenses and Class Representative Service Awards and in support of final

1

approval of the Settlement.

3.     I invested many hours in this litigation by working with Class Counsel to facilitate the litigation and resolution of this matter. For example, I received and reviewed various draft and final pleadings, provided Class Counsel with information pertinent to my and the class claims, responded to written discovery and provided responsive documentation, was deposed by Dollar General's counsel, and communicated with Class Counsel about the status and direction of the litigation, including its ultimate resolution.

4.     I will also assisting be Class Counsel in monitoring Dollar General's compliance with its agreement under the Settlement to not sell non-active specification motor oil under its DG Auto label in the future, assuming the Settlement Agreement is finally approved.

5.     I received and reviewed the Settlement Agreement to understand its terms and the benefits to the Settlement Class and discussed with Class Counsel the Settlement Agreement before signing the Agreement. I believe the Settlement provides substantial relief to the Settlement Class and the terms of the Settlement are fair, reasonable and adequate.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: April 6, 2021

_John Hoppe_

2

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

| | |
|---|---|
| | **MDL No. 2709** |
| IN RE: DOLLAR GENERAL CORP. MOTOR OIL MARKETING AND SALES PRACTICES LITIGATION | **Master Case No. 16-02709-MD-W-GAF** |
| **THIS PLEADING RELATES TO:** | |
| ROBERT OREN V. DOLLAR GENERAL CORP., ET AL.; | **Case No. 4:16-cv-00105** |
| ROBERTO VEGA V. DOLGENCORP, LLC; | **Case No. 4:16-cv-00518** |
| ALLEN BROWN V. DOLLAR CORP., ET AL.; | **Case No. 4:16-cv-00519** |
| BRADFORD BARFOOT V. DOLGENCORP, LLC; | **Case No. 4:16-cv-00520** |
| GERARDO SOLIS V. DOLLAR GENERAL CORP., ET AL.; | **Case No. 4:16-cv-00521** |
| NICHOLAS MEYER V. DOLLAR GENERAL CORP., ET AL.; | **Case No. 4:16-cv-00522** |
| JOHN FOPPE V. DOLLAR GENERAL CORP., ET AL.; | **Case No. 4:16-cv-00523** |
| JOHN MCCORMICK, III V. DOLGENCORP, LLC; | **Case No. 4:16-cv-00524** |
| BRUCE GOOEL V. DOLGENCORP, LLC; | **Case No. 4:16-cv-00525** |
| SCOTT SHEEHY V. DOLLAR GENERAL CORP., ET AL.; | **Case No. 4:16-cv-00526** |
| JANINE HARVEY V. DOLLAR GENERAL CORP., ET AL.; | **Case No. 4:16-cv-00528** |
| WILLIAM FLINN V. DOLGENCORP, LLC; | **Case No. 4:16-cv-00529** |
| KEVIN GADSON V. DOLGENCORP, LLC; | **Case No. 4:16-cv-00530** |
| MIRIAM FRUHLING V. DOLLAR GENERAL CORP., ET AL.; | **Case No. 4:16-cv-00531** |
| ROBIN PREAS V. DOLLAR GENERAL CORP., ET AL.; | **Case No. 4:16-cv-00533** |
| JAMES TASCHNER V. DOLLAR GENERAL CORP., ET AL.; | **Case No. 4:16-cv-00606** |
| JASON WOOD, ET AL. V. DOLLAR GENERAL CORP., ET AL.; | **Case No. 4:16-cv-00607** |
| BRANDON RAAB V. DOLGENCORP, LLC; | **Case No. 4:16-cv-00868** |
| SEIT ALLA V. DOLGENCORP, LLC | **Case No. 4:17-cv-00413** |

## DECLARATION OF JOHN J. McCORMICK, III IN SUPPORT OF PLAINTIFFS' MOTION FOR REASONABLE ATTORNEYS' FEES, COSTS, LITIGATION EXPENSES AND CLASS REPRESENTATIVE SERVICE AWARDS AND IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT

I, JOHN J. McCORMICK, III, declare as follows:

1.    I am a named Plaintiff and Class Representative in this Action. I make this declaration based on my personal knowledge of the facts contained herein.

2.    I make this declaration in support of Plaintiffs' Motion for Reasonable Attorneys' Fees, Costs, Litigation Expenses and Class Representative Service Awards and in support of

final approval of the Settlement.

3.      Since I first engaged my attorneys, Stephen Nolan, Allan Kanner and Kanner & Whiteley, LLC in November 2015, I have invested many hours in this litigation by working with Class Counsel to facilitate the litigation and resolution of this matter. For example, I received and reviewed various draft and final pleadings, provided Class Counsel with information pertinent to my and the class claims, responded to written discovery and provided responsive documentation, was deposed by Dollar General's counsel on February 19, 2018, and communicated with Class Counsel about the status and direction of the litigation, including its ultimate resolution.

4.      I will also be assisting Class Counsel in monitoring Dollar General's compliance with its agreement under the Settlement to not sell non-active specification motor oil under its DG Auto label in the future, assuming the Settlement Agreement is finally approved.

5.      I received and carefully reviewed the Settlement Agreement to understand its terms and the benefits to the Settlement Class. I also discussed the Settlement Agreement with Class Counsel. I believe the Settlement provides substantial relief to the Settlement Class and the terms of the Settlement are fair, reasonable and adequate.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: April 3 , 2021

_____
John J. McCormick, III

2

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

| | |
|---|---|
| **IN RE: DOLLAR GENERAL CORP. MOTOR OIL MARKETING AND SALES PRACTICES LITIGATION** | **MDL No. 2709**<br><br>**Master Case No.**<br>**16-02709-MD-W-GAF** |
| **THIS PLEADING RELATES TO:** | |
| **ROBERT OREN V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00105** |
| **ROBERTO VEGA V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00518** |
| **ALLEN BROWN V. DOLLAR CORP., ET AL.;** | **Case No. 4:16-cv-00519** |
| **BRADFORD BARFOOT V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00520** |
| **GERARDO SOLIS V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00521** |
| **NICHOLAS MEYER V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00522** |
| **JOHN FOPPE V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00523** |
| **JOHN MCCORMICK, III V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00524** |
| **BRUCE GOOEL V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00525** |
| **SCOTT SHEEHY V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00526** |
| **JANINE HARVEY V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00528** |
| **WILLIAM FLINN V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00529** |
| **KEVIN GADSON V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00530** |
| **MIRIAM FRUHLING V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00531** |
| **ROBIN PREAS V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00533** |
| **JAMES TASCHNER V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00606** |
| **JASON WOOD, ET AL. V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00607** |
| **BRANDON RAAB V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00868** |
| **SEIT ALLA V. DOLGENCORP, LLC** | **Case No. 4:17-cv-00413** |

### DECLARATION OF BRUCE GOOEL IN SUPPORT OF
### PLAINTIFFS' MOTION FOR REASONABLE ATTORNEYS' FEES, COSTS, LITIGATION EXPENSES AND CLASS REPRESENTATIVE SERVICE AWARDS AND IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT

I, Bruce Gooel, declare as follows:

1.      I am a named Plaintiff and Class Representative in this Action. I make this

declaration based on my personal knowledge of the facts contained herein.

2.      I make this declaration in support of Plaintiffs' Motion for Reasonable Attorneys'

Fees, Costs, Litigation Expenses and Class Representative Service Awards and in support of final

approval of the Settlement.

3.      I invested many hours in this litigation by working with Class Counsel to facilitate the litigation and resolution of this matter. For example, I received and reviewed various draft and final pleadings, provided Class Counsel with information pertinent to my claims and the class claims, responded to written discovery and provided responsive documentation, was deposed by Dollar General's counsel, and communicated with Class Counsel about the status and direction of the litigation, including its ultimate resolution.

4.      I will also assist Class Counsel in monitoring Dollar General's compliance with its agreement under the Settlement to not sell non-active specification motor oil under its DG Auto label in the future, assuming the Settlement Agreement is finally approved.

5.      I received and carefully reviewed the Settlement Agreement to understand its terms and the benefits to the Settlement Class.  I believe the Settlement provides substantial relief to the Settlement Class and the terms of the Settlement are fair, reasonable and adequate.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Dated: _____  3/29/2021 | 16:07 EDT              *Bruce Gooel*
                                         _____
                                         Bruce Gooel

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

| | |
|---|---|
| IN RE: DOLLAR GENERAL CORP. MOTOR OIL MARKETING AND SALES PRACTICES LITIGATION | MDL No. 2709 |
| | Master Case No. 16-02709-MD-W-GAF |
| THIS PLEADING RELATES TO: | |
| ROBERT OREN V. DOLLAR GENERAL CORP., ET AL.; | Case No. 4:16-cv-00105 |
| ROBERTO VEGA V. DOLGENCORP, LLC; | Case No. 4:16-cv-00518 |
| ALLEN BROWN V. DOLLAR CORP., ET AL.; | Case No. 4:16-cv-00519 |
| BRADFORD BARFOOT V. DOLGENCORP, LLC; | Case No. 4:16-cv-00520 |
| GERARDO SOLIS V. DOLLAR GENERAL CORP., ET AL.; | Case No. 4:16-cv-00521 |
| NICHOLAS MEYER V. DOLLAR GENERAL CORP., ET AL.; | Case No. 4:16-cv-00522 |
| JOHN FOPPE V. DOLLAR GENERAL CORP., ET AL.; | Case No. 4:16-cv-00523 |
| JOHN MCCORMICK, III V. DOLGENCORP, LLC; | Case No. 4:16-cv-00524 |
| BRUCE GOOEL V. DOLGENCORP, LLC; | Case No. 4:16-cv-00525 |
| SCOTT SHEEHY V. DOLLAR GENERAL CORP., ET AL.; | Case No. 4:16-cv-00526 |
| JANINE HARVEY V. DOLLAR GENERAL CORP., ET AL.; | Case No. 4:16-cv-00528 |
| WILLIAM FLINN V. DOLGENCORP, LLC; | Case No. 4:16-cv-00529 |
| KEVIN GADSON V. DOLGENCORP, LLC; | Case No. 4:16-cv-00530 |
| MIRIAM FRUHLING V. DOLLAR GENERAL CORP., ET AL.; | Case No. 4:16-cv-00531 |
| ROBIN PREAS V. DOLLAR GENERAL CORP., ET AL.; | Case No. 4:16-cv-00533 |
| JAMES TASCHNER V. DOLLAR GENERAL CORP., ET AL.; | Case No. 4:16-cv-00606 |
| JASON WOOD, ET AL. V. DOLLAR GENERAL CORP., ET AL.; | Case No. 4:16-cv-00607 |
| BRANDON RAAB V. DOLGENCORP, LLC; | Case No. 4:16-cv-00868 |
| SEIT ALLA V. DOLGENCORP, LLC | Case No. 4:17-cv-00413 |

## DECLARATION OF SCOTT SHEEHY IN SUPPORT OF PLAINTIFFS' MOTION FOR REASONABLE ATTORNEYS' FEES, COSTS, LITIGATION EXPENSES AND CLASS REPRESENTATIVE SERVICE AWARDS AND IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT

I, Scott Sheehy, declare as follows:

1.      I am a named Plaintiff and Class Representative in this Action. I make this declaration based on my personal knowledge of the facts contained herein.

2.      I make this declaration in support of Plaintiffs' Motion for Reasonable Attorneys' Fees, Costs, Litigation Expenses and Class Representative Service Awards and in support of final

1

approval of the Settlement.

3.      I invested many hours in this litigation by working with Class Counsel to facilitate the litigation and resolution of this matter. For example, I received and reviewed various draft and final pleadings, provided Class Counsel with information pertinent to my and the class claims, responded to written discovery and provided responsive documentation, was deposed by Dollar General's counsel, and communicated with Class Counsel about the status and direction of the litigation, including its ultimate resolution.

4.      Assuming the Settlement Agreement is approved, I agree to assist Class Counsel in monitoring Dollar General's compliance with its agreement under the Settlement that it will refrain from selling non-active specification motor oil under its DG Auto label in the future.

5.      I received and carefully reviewed the Settlement Agreement to understand its terms and the benefits to the Settlement Class. I also discussed the progress of settlement negotiations with Class Counsel at numerous points throughout settlement negotiations. I believe the Settlement provides substantial relief to the Settlement Class and the terms of the Settlement are fair, reasonable and adequate.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: 4/5/21

Scott Sheehy

| | |
|---|---|
| IN RE: DOLLAR GENERAL CORP. MOTOR OIL MARKETING AND SALES PRACTICES LITIGATION | MDL No. 2709<br><br>Master Case No.<br>16-02709-MD-W-GAF |
| THIS PLEADING RELATES TO: | |
| ROBERT OREN V. DOLLAR GENERAL CORP., ET AL.; | Case No. 4:16-cv-00105 |
| ROBERTO VEGA V. DOLGENCORP, LLC; | Case No. 4:16-cv-00518 |
| ALLEN BROWN V. DOLLAR CORP., ET AL.; | Case No. 4:16-cv-00519 |
| BRADFORD BARFOOT V. DOLGENCORP, LLC; | Case No. 4:16-cv-00520 |
| GERARDO SOLIS V. DOLLAR GENERAL CORP., ET AL.; | Case No. 4:16-cv-00521 |
| NICHOLAS MEYER V. DOLLAR GENERAL CORP., ET AL.; | Case No. 4:16-cv-00522 |
| JOHN FOPPE V. DOLLAR GENERAL CORP., ET AL.; | Case No. 4:16-cv-00523 |
| JOHN MCCORMICK, III V. DOLGENCORP, LLC; | Case No. 4:16-cv-00524 |
| BRUCE GOOEL V. DOLGENCORP, LLC; | Case No. 4:16-cv-00525 |
| SCOTT SHEEHY V. DOLLAR GENERAL CORP., ET AL.; | Case No. 4:16-cv-00526 |
| JANINE HARVEY V. DOLLAR GENERAL CORP., ET AL.; | Case No. 4:16-cv-00528 |
| WILLIAM FLINN V. DOLGENCORP, LLC; | Case No. 4:16-cv-00529 |
| KEVIN GADSON V. DOLGENCORP, LLC; | Case No. 4:16-cv-00530 |
| MIRIAM FRUHLING V. DOLLAR GENERAL CORP., ET AL.; | Case No. 4:16-cv-00531 |
| ROBIN PREAS V. DOLLAR GENERAL CORP., ET AL.; | Case No. 4:16-cv-00533 |
| JAMES TASCHNER V. DOLLAR GENERAL CORP., ET AL.; | Case No. 4:16-cv-00606 |
| JASON WOOD, ET AL. V. DOLLAR GENERAL CORP., ET AL.; | Case No. 4:16-cv-00607 |
| BRANDON RAAB V. DOLGENCORP, LLC; | Case No. 4:16-cv-00868 |
| SEIT ALLA V. DOLGENCORP, LLC | Case No. 4:17-cv-00413 |

## DECLARATION OF JANINE HARVEY IN SUPPORT OF PLAINTIFFS' MOTION FOR REASONABLE ATTORNEYS' FEES, COSTS, LITIGATION EXPENSES AND CLASS REPRESENTATIVE SERVICE AWARDS AND IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT

I, Janine Harvey, declare as follows:

1.     I am a named Plaintiff and Class Representative in this Action. I make this

declaration based on my personal knowledge of the facts contained herein.

2.     I make this declaration in support of Plaintiffs' Motion for Reasonable Attorneys'

Fees, Costs, Litigation Expenses and Class Representative Service Awards and in support of final

1

approval of the Settlement.

3.      I invested many hours in this litigation by working with Class Counsel to facilitate the litigation and resolution of this matter. For example, I received and reviewed various draft and final pleadings, provided Class Counsel with information pertinent to my and the class claims, responded to written discovery and provided responsive documentation, was deposed by Dollar General's counsel, and communicated with Class Counsel about the status and direction of the litigation, including its ultimate resolution.

4.      Assuming the Settlement Agreement is approved, I agree to assist Class Counsel in monitoring Dollar General's compliance with its agreement under the Settlement that it will refrain from selling non-active specification motor oil under its DG Auto label in the future.

5.      I received and carefully reviewed the Settlement Agreement to understand its terms and the benefits to the Settlement Class. I also discussed the progress of settlement negotiations with Class Counsel at numerous points throughout settlement negotiations. I believe the Settlement provides substantial relief to the Settlement Class and the terms of the Settlement are fair, reasonable and adequate.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: 4-5-21

Janine Harvey
Janine Harvey

2

| | |
|---|---|
| **IN RE: DOLLAR GENERAL CORP. MOTOR OIL MARKETING AND SALES PRACTICES LITIGATION** | **MDL No. 2709** |
| | **Master Case No. 16-02709-MD-W-GAF** |
| **THIS PLEADING RELATES TO:** | |
| **ROBERT OREN V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00105** |
| **ROBERTO VEGA V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00518** |
| **ALLEN BROWN V. DOLLAR CORP., ET AL.;** | **Case No. 4:16-cv-00519** |
| **BRADFORD BARFOOT V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00520** |
| **GERARDO SOLIS V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00521** |
| **NICHOLAS MEYER V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00522** |
| **JOHN FOPPE V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00523** |
| **JOHN MCCORMICK, III V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00524** |
| **BRUCE GOOEL V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00525** |
| **SCOTT SHEEHY V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00526** |
| **JANINE HARVEY V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00528** |
| **WILLIAM FLINN V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00529** |
| **KEVIN GADSON V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00530** |
| **MIRIAM FRUHLING V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00531** |
| **ROBIN PREAS V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00533** |
| **JAMES TASCHNER V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00606** |
| **JASON WOOD, ET AL. V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00607** |
| **BRANDON RAAB V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00868** |
| **SEIT ALLA V. DOLGENCORP, LLC** | **Case No. 4:17-cv-00413** |

**DECLARATION OF WILLIAM FLINN IN SUPPORT OF
PLAINTIFFS' MOTION FOR REASONABLE ATTORNEYS' FEES, COSTS,
LITIGATION EXPENSES AND CLASS REPRESENTATIVE SERVICE AWARDS AND
IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

I, William Flinn, declare as follows:

1.     I am a named Plaintiff and Class Representative in this Action. I make this

declaration based on my personal knowledge of the facts contained herein.

2.     I make this declaration in support of Plaintiffs' Motion for Reasonable Attorneys'

Fees, Costs, Litigation Expenses and Class Representative Service Awards and in support of final

1

approval of the Settlement.

3.     I invested many hours in this litigation by working with Class Counsel to facilitate the litigation and resolution of this matter. For example, I received and reviewed various draft and final pleadings, provided Class Counsel with information pertinent to my and the class claims, responded to written discovery and provided responsive documentation, was deposed by Dollar General's counsel, and communicated with Class Counsel about the status and direction of the litigation, including its ultimate resolution.

4.     I will also assist Class Counsel in monitoring Dollar General's compliance with its agreement under the Settlement to not sell non-active specification motor oil under its DG Auto label in the future, assuming the Settlement Agreement is finally approved.

5.     I received and carefully reviewed the Settlement Agreement to understand its terms and the benefits to the Settlement Class. I also discussed the Settlement Agreement with Class Counsel. I believe the Settlement provides substantial relief to the Settlement Class and the terms of the Settlement are fair, reasonable and adequate.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: 4-14-2021

_____
William Flinn

2

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

| | |
|---|---|
| | **MDL No. 2709** |
| **IN RE: DOLLAR GENERAL CORP. MOTOR OIL MARKETING AND SALES PRACTICES LITIGATION** | **Master Case No. 16-02709-MD-W-GAF** |
| **THIS PLEADING RELATES TO:** | |
| **ROBERT OREN V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00105** |
| **ROBERTO VEGA V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00518** |
| **ALLEN BROWN V. DOLLAR CORP., ET AL.;** | **Case No. 4:16-cv-00519** |
| **BRADFORD BARFOOT V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00520** |
| **GERARDO SOLIS V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00521** |
| **NICHOLAS MEYER V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00522** |
| **JOHN FOPPE V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00523** |
| **JOHN MCCORMICK, III V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00524** |
| **BRUCE GOOEL V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00525** |
| **SCOTT SHEEHY V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00526** |
| **JANINE HARVEY V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00528** |
| **WILLIAM FLINN V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00529** |
| **KEVIN GADSON V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00530** |
| **MIRIAM FRUHLING V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00531** |
| **ROBIN PREAS V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00533** |
| **JAMES TASCHNER V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00606** |
| **JASON WOOD, ET AL. V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00607** |
| **BRANDON RAAB V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00868** |
| **SEIT ALLA V. DOLGENCORP, LLC** | **Case No. 4:17-cv-00413** |

## DECLARATION OF KEVIN GADSON IN SUPPORT OF PLAINTIFFS' MOTION FOR REASONABLE ATTORNEYS' FEES, COSTS, LITIGATION EXPENSES AND CLASS REPRESENTATIVE SERVICE AWARDS AND IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT

I, Kevin Gadson, declare as follows:

1.      I am a named Plaintiff and Class Representative in this Action. I make this

declaration based on my personal knowledge of the facts contained herein.

2.      I make this declaration in support of Plaintiffs' Motion for Reasonable Attorneys'

Fees, Costs, Litigation Expenses and Class Representative Service Awards and in support of final

1

approval of the Settlement.

3.     I invested many hours in this litigation by working with Class Counsel to facilitate the litigation and resolution of this matter. For example, I received and reviewed various draft and final pleadings, provided Class Counsel with information pertinent to my and the class claims, responded to written discovery and provided responsive documentation, was deposed by Dollar General's counsel, and communicated with Class Counsel about the status and direction of the litigation, including its ultimate resolution.

4.     I will also assist Class Counsel in monitoring Dollar General's compliance with its agreement under the Settlement to not sell non-active specification motor oil under its DG Auto label in the future, assuming the Settlement Agreement is finally approved.

5.     I received and carefully reviewed the Settlement Agreement to understand its terms and the benefits to the Settlement Class. I also discussed the Settlement Agreement with Class Counsel. I believe the Settlement provides substantial relief to the Settlement Class and the terms of the Settlement are fair, reasonable and adequate.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: 4/14/2021

Kevin Gadson

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | |
|---|---|
| IN RE: DOLLAR GENERAL CORP. MOTOR OIL MARKETING AND SALES PRACTICES LITIGATION | MDL No. 2709 |
| | Master Case No. 16-02709-MD-W-GAF |
| **THIS PLEADING RELATES TO:** | |
| ROBERT OREN V. DOLLAR GENERAL CORP., ET AL.; | Case No. 4:16-cv-00105 |
| ROBERTO VEGA V. DOLGENCORP, LLC; | Case No. 4:16-cv-00518 |
| ALLEN BROWN V. DOLLAR CORP., ET AL.; | Case No. 4:16-cv-00519 |
| BRADFORD BARFOOT V. DOLGENCORP, LLC; | Case No. 4:16-cv-00520 |
| GERARDO SOLIS V. DOLLAR GENERAL CORP., ET AL.; | Case No. 4:16-cv-00521 |
| NICHOLAS MEYER V. DOLLAR GENERAL CORP., ET AL.; | Case No. 4:16-cv-00522 |
| JOHN FOPPE V. DOLLAR GENERAL CORP., ET AL.; | Case No. 4:16-cv-00523 |
| JOHN MCCORMICK, III V. DOLGENCORP, LLC; | Case No. 4:16-cv-00524 |
| BRUCE GOOEL V. DOLGENCORP, LLC; | Case No. 4:16-cv-00525 |
| SCOTT SHEEHY V. DOLLAR GENERAL CORP., ET AL.; | Case No. 4:16-cv-00526 |
| JANINE HARVEY V. DOLLAR GENERAL CORP., ET AL.; | Case No. 4:16-cv-00528 |
| WILLIAM FLINN V. DOLGENCORP, LLC; | Case No. 4:16-cv-00529 |
| KEVIN GADSON V. DOLGENCORP, LLC; | Case No. 4:16-cv-00530 |
| MIRIAM FRUHLING V. DOLLAR GENERAL CORP., ET AL.; | Case No. 4:16-cv-00531 |
| ROBIN PREAS V. DOLLAR GENERAL CORP., ET AL.; | Case No. 4:16-cv-00533 |
| JAMES TASCHNER V. DOLLAR GENERAL CORP., ET AL.; | Case No. 4:16-cv-00606 |
| JASON WOOD, ET AL. V. DOLLAR GENERAL CORP., ET AL.; | Case No. 4:16-cv-00607 |
| BRANDON RAAB V. DOLGENCORP, LLC; | Case No. 4:16-cv-00868 |
| SEIT ALLA V. DOLGENCORP, LLC | Case No. 4:17-cv-00413 |

## DECLARATION OF MIRIAM FRUHLING IN SUPPORT OF PLAINTIFFS' MOTION FOR REASONABLE ATTORNEYS' FEES, COSTS, LITIGATION EXPENSES AND CLASS REPRESENTATIVE SERVICE AWARDS AND <u>IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT</u>

I, Miriam Fruhling, declare as follows:

1. I am a named Plaintiff and Class Representative in this Action. I make this declaration based on my personal knowledge of the facts contained herein.

2. I make this declaration in support of Plaintiffs' Motion for Reasonable Attorneys' Fees, Costs, Litigation Expenses and Class Representative Service Awards and in support of final

1

approval of the Settlement.

3.     I invested many hours in this litigation by working with Class Counsel to facilitate the litigation and resolution of this matter. For example, I received and reviewed various draft and final pleadings, provided Class Counsel with information pertinent to my and the class claims, responded to written discovery and provided responsive documentation, was deposed by Dollar General's counsel, and communicated with Class Counsel about the status and direction of the litigation, including its ultimate resolution.

4.     Assuming the Settlement Agreement is approved, I agree to assist Class Counsel in monitoring Dollar General's compliance with its agreement under the Settlement that it will refrain from selling non-active specification motor oil under its DG Auto label in the future.

5.     I received and carefully reviewed the Settlement Agreement to understand its terms and the benefits to the Settlement Class. I also discussed the progress of settlement negotiations with Class Counsel at numerous points throughout settlement negotiations. I believe the Settlement provides substantial relief to the Settlement Class and the terms of the Settlement are fair, reasonable and adequate.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: 4/6/2021

Miriam Fruhling

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

| | |
|---|---|
| **IN RE: DOLLAR GENERAL CORP. MOTOR OIL MARKETING AND SALES PRACTICES LITIGATION** | **MDL No. 2709**<br><br>**Master Case No. 16-02709-MD-W-GAF** |
| **THIS PLEADING RELATES TO:** | |
| **ROBERT OREN V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00105** |
| **ROBERTO VEGA V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00518** |
| **ALLEN BROWN V. DOLLAR CORP., ET AL.;** | **Case No. 4:16-cv-00519** |
| **BRADFORD BARFOOT V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00520** |
| **GERARDO SOLIS V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00521** |
| **NICHOLAS MEYER V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00522** |
| **JOHN FOPPE V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00523** |
| **JOHN MCCORMICK, III V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00524** |
| **BRUCE GOOEL V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00525** |
| **SCOTT SHEEHY V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00526** |
| **JANINE HARVEY V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00528** |
| **WILLIAM FLINN V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00529** |
| **KEVIN GADSON V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00530** |
| **MIRIAM FRUHLING V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00531** |
| **ROBIN PREAS V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00533** |
| **JAMES TASCHNER V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00606** |
| **JASON WOOD, ET AL. V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00607** |
| **BRANDON RAAB V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00868** |
| **SEIT ALLA V. DOLGENCORP, LLC** | **Case No. 4:17-cv-00413** |

### DECLARATION OF ROBIN PREAS IN SUPPORT OF PLAINTIFFS' MOTION FOR REASONABLE ATTORNEYS' FEES, COSTS, LITIGATION EXPENSES AND CLASS REPRESENTATIVE SERVICE AWARDS AND <u>IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT</u>

I, Robin Preas, declare as follows:

1.      I am a named Plaintiff and Class Representative in this Action. I make this declaration based on my personal knowledge of the facts contained herein.

2.      I make this declaration in support of Plaintiffs' Motion for Reasonable Attorneys' Fees, Costs, Litigation Expenses and Class Representative Service Awards and in support of final

1

approval of the Settlement.

3.     I invested many hours in this litigation by working with Class Counsel to facilitate the litigation and resolution of this matter. For example, I received and reviewed various draft and final pleadings, provided Class Counsel with information pertinent to my and the class claims, responded to written discovery and provided responsive documentation, was deposed by Dollar General's counsel, and communicated with Class Counsel about the status and direction of the litigation, including its ultimate resolution.

4.     I will also be assisting Class Counsel in monitoring Dollar General's compliance with its agreement under the Settlement to not sell non-active specification motor oil under its DG Auto label in the future, assuming the Settlement Agreement is finally approved.

5.     I received and carefully reviewed the Settlement Agreement to understand its terms and the benefits to the Settlement Class. I also discussed the Settlement Agreement with Class Counsel, asked questions about the amounts awarded and my obligations under the agreement and Class Counsel addressed those questions. I believe the Settlement provides substantial relief to the Settlement Class and the terms of the Settlement are fair, reasonable and adequate.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: 4/19/21

Robin Preas

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

|  |  |
|---|---|
| **IN RE: DOLLAR GENERAL CORP. MOTOR OIL MARKETING AND SALES PRACTICES LITIGATION**<br><br>**THIS PLEADING RELATES TO:** | **MDL No. 2709**<br><br>**Master Case No. 16-02709-MD-W-GAF** |
| **ROBERT OREN V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00105** |
| **ROBERTO VEGA V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00518** |
| **ALLEN BROWN V. DOLLAR CORP., ET AL.;** | **Case No. 4:16-cv-00519** |
| **BRADFORD BARFOOT V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00520** |
| **GERARDO SOLIS V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00521** |
| **NICHOLAS MEYER V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00522** |
| **JOHN FOPPE V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00523** |
| **JOHN MCCORMICK, III V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00524** |
| **BRUCE GOOEL V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00525** |
| **SCOTT SHEEHY V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00526** |
| **JANINE HARVEY V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00528** |
| **WILLIAM FLINN V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00529** |
| **KEVIN GADSON V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00530** |
| **MIRIAM FRUHLING V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00531** |
| **ROBIN PREAS V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00533** |
| **JAMES TASCHNER V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00606** |
| **JASON WOOD, ET AL. V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00607** |
| **BRANDON RAAB V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00868** |
| **SEIT ALLA V. DOLGENCORP, LLC** | **Case No. 4:17-cv-00413** |

### DECLARATION OF JAMES TASCHNER IN SUPPORT OF PLAINTIFFS' MOTION FOR REASONABLE ATTORNEYS' FEES, COSTS, LITIGATION EXPENSES AND CLASS REPRESENTATIVE SERVICE AWARDS AND IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT

I, James Taschner, declare as follows:

1.      I am a named Plaintiff and Class Representative in this Action. I make this

declaration based on my personal knowledge of the facts contained herein.

2.      I make this declaration in support of Plaintiffs' Motion for Reasonable Attorneys'

Fees, Costs, Litigation Expenses and Class Representative Service Awards and in support of final

1

approval of the Settlement.

3.    I invested many hours in this litigation by working with Class Counsel to facilitate the litigation and resolution of this matter. For example, I received and reviewed various draft and final pleadings, provided Class Counsel with information pertinent to my and the class claims, responded to written discovery and provided responsive documentation, was deposed by Dollar General's counsel, and communicated with Class Counsel about the status and direction of the litigation, including its ultimate resolution.

4.    I will also assist Class Counsel in monitoring Dollar General's compliance with its agreement under the Settlement to not sell non-active specification motor oil under its DG Auto label in the future, assuming the Settlement Agreement is finally approved.

5.    I received and carefully reviewed the Settlement Agreement to understand its terms and the benefits to the Settlement Class. I believe the Settlement provides substantial relief to the Settlement Class and the terms of the Settlement are fair, reasonable and adequate.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: 04/12/2021

_____
James Taschner

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | |
|---|---|
| **IN RE: DOLLAR GENERAL CORP. MOTOR OIL MARKETING AND SALES PRACTICES LITIGATION** | **MDL No. 2709** <br><br> **Master Case No. 16-02709-MD-W-GAF** |
| **THIS PLEADING RELATES TO:** | |
| **ROBERT OREN V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00105** |
| **ROBERTO VEGA V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00518** |
| **ALLEN BROWN V. DOLLAR CORP., ET AL.;** | **Case No. 4:16-cv-00519** |
| **BRADFORD BARFOOT V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00520** |
| **GERARDO SOLIS V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00521** |
| **NICHOLAS MEYER V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00522** |
| **JOHN FOPPE V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00523** |
| **JOHN MCCORMICK, III V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00524** |
| **BRUCE GOOEL V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00525** |
| **SCOTT SHEEHY V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00526** |
| **JANINE HARVEY V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00528** |
| **WILLIAM FLINN V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00529** |
| **KEVIN GADSON V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00530** |
| **MIRIAM FRUHLING V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00531** |
| **ROBIN PREAS V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00533** |
| **JAMES TASCHNER V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00606** |
| **JASON WOOD, ET AL. V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00607** |
| **BRANDON RAAB V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00868** |
| **SEIT ALLA V. DOLGENCORP, LLC** | **Case No. 4:17-cv-00413** |

## DECLARATION OF JASON WOOD IN SUPPORT OF
## PLAINTIFFS' MOTION FOR REASONABLE ATTORNEYS' FEES, COSTS, LITIGATION EXPENSES AND CLASS REPRESENTATIVE SERVICE AWARDS AND IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT

I, Jason Wood, declare as follows:

1.     I am a named Plaintiff and Class Representative in this Action. I make this declaration based on my personal knowledge of the facts contained herein.

2.     I make this declaration in support of Plaintiffs' Motion for Reasonable Attorneys' Fees, Costs, Litigation Expenses and Class Representative Service Awards and in support of final

1

approval of the Settlement.

3. I invested many hours in this litigation by working with Class Counsel to facilitate the litigation and resolution of this matter. For example, I received and reviewed various draft and final pleadings, provided Class Counsel with information pertinent to my and the class claims, responded to written discovery and provided responsive documentation, was deposed by Dollar General's counsel, and communicated with Class Counsel about the status and direction of the litigation, including its ultimate resolution.

4. I will also assist Class Counsel in monitoring Dollar General's compliance with its agreement under the Settlement to not sell non-active specification motor oil under its DG Auto label in the future, assuming the Settlement Agreement is finally approved.

5. I received and carefully reviewed the Settlement Agreement to understand its terms and the benefits to the Settlement Class. I believe the Settlement provides substantial relief to the Settlement Class and the terms of the Settlement are fair, reasonable and adequate.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: 04/13/2021

*Jason Wood*
_____
Jason Wood

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | |
|---|---|
| **IN RE: DOLLAR GENERAL CORP. MOTOR OIL MARKETING AND SALES PRACTICES LITIGATION** | **MDL No. 2709** |
| | **Master Case No. 16-02709-MD-W-GAF** |
| **THIS PLEADING RELATES TO:** | |
| **ROBERT OREN V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00105** |
| **ROBERTO VEGA V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00518** |
| **ALLEN BROWN V. DOLLAR CORP., ET AL.;** | **Case No. 4:16-cv-00519** |
| **BRADFORD BARFOOT V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00520** |
| **GERARDO SOLIS V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00521** |
| **NICHOLAS MEYER V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00522** |
| **JOHN FOPPE V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00523** |
| **JOHN MCCORMICK, III V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00524** |
| **BRUCE GOOEL V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00525** |
| **SCOTT SHEEHY V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00526** |
| **JANINE HARVEY V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00528** |
| **WILLIAM FLINN V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00529** |
| **KEVIN GADSON V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00530** |
| **MIRIAM FRUHLING V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00531** |
| **ROBIN PREAS V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00533** |
| **JAMES TASCHNER V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00606** |
| **JASON WOOD, ET AL. V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00607** |
| **BRANDON RAAB V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00868** |
| **SEIT ALLA V. DOLGENCORP, LLC** | **Case No. 4:17-cv-00413** |

**DECLARATION OF ROGER BARROWS IN SUPPORT OF**
**PLAINTIFFS' MOTION FOR REASONABLE ATTORNEYS' FEES, COSTS,**
**LITIGATION EXPENSES AND CLASS REPRESENTATIVE SERVICE AWARDS AND**
**IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

I, Roger Barrows, declare as follows:

1.     I am a named Plaintiff and Class Representative in this Action. I make this

declaration based on my personal knowledge of the facts contained herein.

2.     I make this declaration in support of Plaintiffs' Motion for Reasonable Attorneys'

Fees, Costs, Litigation Expenses and Class Representative Service Awards and in support of final

1

approval of the Settlement.

3. I invested many hours in this litigation by working with Class Counsel to facilitate the litigation and resolution of this matter. For example, I received and reviewed various draft and final pleadings, provided Class Counsel with information pertinent to my and the class claims, responded to written discovery and provided responsive documentation, was deposed by Dollar General's counsel, and communicated with Class Counsel about the status and direction of the litigation, including its ultimate resolution.

4. I will also assist Class Counsel in monitoring Dollar General's compliance with its agreement under the Settlement to not sell non-active specification motor oil under its DG Auto label in the future, assuming the Settlement Agreement is finally approved.

5. I received and carefully reviewed the Settlement Agreement to understand its terms and the benefits to the Settlement Class. I believe the Settlement provides substantial relief to the Settlement Class and the terms of the Settlement are fair, reasonable and adequate.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: 04/13/2021

_____
Roger Barrows

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| **IN RE: DOLLAR GENERAL CORP. MOTOR OIL MARKETING AND SALES PRACTICES LITIGATION** | **MDL No. 2709**<br><br>**Master Case No. 16-02709-MD-W-GAF** |
| **THIS PLEADING RELATES TO:** | |
| **ROBERT OREN V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00105** |
| **ROBERTO VEGA V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00518** |
| **ALLEN BROWN V. DOLLAR CORP., ET AL.;** | **Case No. 4:16-cv-00519** |
| **BRADFORD BARFOOT V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00520** |
| **GERARDO SOLIS V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00521** |
| **NICHOLAS MEYER V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00522** |
| **JOHN FOPPE V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00523** |
| **JOHN MCCORMICK, III V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00524** |
| **BRUCE GOOEL V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00525** |
| **SCOTT SHEEHY V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00526** |
| **JANINE HARVEY V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00528** |
| **WILLIAM FLINN V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00529** |
| **KEVIN GADSON V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00530** |
| **MIRIAM FRUHLING V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00531** |
| **ROBIN PREAS V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00533** |
| **JAMES TASCHNER V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00606** |
| **JASON WOOD, ET AL. V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00607** |
| **BRANDON RAAB V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00868** |
| **SEIT ALLA V. DOLGENCORP, LLC** | **Case No. 4:17-cv-00413** |

**DECLARATION OF BRANDON RAAB IN SUPPORT OF
PLAINTIFFS' MOTION FOR REASONABLE ATTORNEYS' FEES, COSTS,
LITIGATION EXPENSES AND CLASS REPRESENTATIVE SERVICE AWARDS AND
IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

I, Brandon Raab, declare as follows:

1.　　I am a named Plaintiff and Class Representative in this Action. I make this declaration based on my personal knowledge of the facts contained herein.

2.　　I make this declaration in support of Plaintiffs' Motion for Reasonable Attorneys' Fees, Costs, Litigation Expenses and Class Representative Service Awards and in support of final

1

approval of the Settlement.

3.      I invested many hours in this litigation by working with Class Counsel to facilitate the litigation and resolution of this matter. For example, I received and reviewed various draft and final pleadings, provided Class Counsel with information pertinent to my claims, as well as the class claims, responded to written discovery and provided responsive documentation, was deposed by Dollar General's counsel, and communicated with Class Counsel about the status and direction of the litigation, including its ultimate resolution.

4.      I will also assist Class Counsel in monitoring Dollar General's compliance with its agreement under the Settlement to not sell non-active specification motor oil under its DG Auto label in the future, assuming the Settlement Agreement is finally approved.

5.      I received and carefully reviewed the Settlement Agreement to understand its terms and the benefits to the Settlement Class. I also discussed the Settlement Agreement with Class Counsel so that I could fully understand the terms of the Agreement. I believe the Settlement provides substantial relief to the Settlement Class and the terms of the Settlement are fair, reasonable and adequate.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: April 12, 2021

_____
Brandon Raab

2

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

| | |
|---|---|
| **IN RE: DOLLAR GENERAL CORP. MOTOR OIL MARKETING AND SALES PRACTICES LITIGATION** | **MDL No. 2709** |
| | **Master Case No. 16-02709-MD-W-GAF** |
| **THIS PLEADING RELATES TO:** | |
| **ROBERT OREN V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00105** |
| **ROBERTO VEGA V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00518** |
| **ALLEN BROWN V. DOLLAR CORP., ET AL.;** | **Case No. 4:16-cv-00519** |
| **BRADFORD BARFOOT V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00520** |
| **GERARDO SOLIS V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00521** |
| **NICHOLAS MEYER V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00522** |
| **JOHN FOPPE V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00523** |
| **JOHN MCCORMICK, III V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00524** |
| **BRUCE GOOEL V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00525** |
| **SCOTT SHEEHY V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00526** |
| **JANINE HARVEY V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00528** |
| **WILLIAM FLINN V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00529** |
| **KEVIN GADSON V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00530** |
| **MIRIAM FRUHLING V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00531** |
| **ROBIN PREAS V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00533** |
| **JAMES TASCHNER V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00606** |
| **JASON WOOD, ET AL. V. DOLLAR GENERAL CORP., ET AL.;** | **Case No. 4:16-cv-00607** |
| **BRANDON RAAB V. DOLGENCORP, LLC;** | **Case No. 4:16-cv-00868** |
| **SEIT ALLA V. DOLGENCORP, LLC** | **Case No. 4:17-cv-00413** |

## DECLARATION OF SEIT ALLA IN SUPPORT OF
## PLAINTIFFS' MOTION FOR REASONABLE ATTORNEYS' FEES, COSTS,
## LITIGATION EXPENSES AND CLASS REPRESENTATIVE SERVICE AWARDS AND
## IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT

I, Seit Alla, declare as follows:

1.      I am a named Plaintiff and Class Representative in this Action. I make this declaration based on my personal knowledge of the facts contained herein.

2.      I make this declaration in support of Plaintiffs' Motion for Reasonable Attorneys' Fees, Costs, Litigation Expenses and Class Representative Service Awards and in support of final

approval of the Settlement.

3.     I invested many hours in this litigation by working with Class Counsel to facilitate the litigation and resolution of this matter. For example, I received and reviewed various draft and final pleadings, provided Class Counsel with information pertinent to my and the class claims, responded to written discovery and provided responsive documentation, was deposed by Dollar General's counsel, and communicated with Class Counsel about the status and direction of the litigation, including its ultimate resolution.

4.     I will also assist Class Counsel in monitoring Dollar General's compliance with its agreement under the Settlement to not sell non-active specification motor oil under its DG Auto label in the future, assuming the Settlement Agreement is finally approved.

5.     I received and carefully reviewed the Settlement Agreement to understand its terms and the benefits to the Settlement Class. I also discussed the Settlement Agreement with Class Counsel. I believe the Settlement provides substantial relief to the Settlement Class and the terms of the Settlement are fair, reasonable and adequate.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: _04/02/21_

Seit Alla